# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CMI ROADBUILDING, INC.,** and **CMI ROADBUILDING, LTD.** )<br>)<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**SPECSYS, INC.,** )<br>)<br>**Defendant.** )<br>) | Case No. CIV-18-1245-G |

## ORDER

Now before the Court is Plaintiffs' Motion to Strike Non-Retained Expert Dave Gelhar (Doc. No. 219) and supporting brief (Doc. No. 220). Plaintiffs contend that Defendant SpecSys, Inc. ("SpecSys") failed to designate Dave Gelhar ("Gelhar") as an expert witness in accordance with Federal Rule of Civil Procedure 26(a)(2), and, therefore, his opinion testimony should be excluded under Rule 37(c).

SpecSys filed a responsive brief (Doc. No. 275) explaining that it "inadvertently used the word 'expert' next to Gelhar's name on its Witness List." Def.'s Resp. at 3. SpecSys then proceeds to argue that the relief sought by Plaintiffs is "too broad" insofar as it "seeks to prevent Gelhar from offering **all** opinions." *Id.* SpecSys submits that Gelhar should be permitted to offer opinion testimony as a lay witness in accordance with Rule 701 of the Federal Rules of Evidence. *Id.* Plaintiffs filed a reply brief (Doc. No. 293) insisting that "any opinions offered by Gelhar . . . meet all requirements of Fed. R. Evid. 701."[1] Pls.' Reply at 3.

---

[1] Plaintiffs argue that Gelhar "should not be allowed to offer opinions about how SpecSys

The apparent misunderstanding that precipitated the filing of Plaintiffs' Motion could have been discovered and resolved without judicial intervention if only Plaintiffs had complied with Local Civil Rule 37.1, which requires, as a precondition to the filing of a motion relating to a discovery dispute, that the moving party "advise[] the court in writing that counsel personally have met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord." LCvR 37.1. Plaintiffs' Motion is denied on that basis. *See Talley v. Time, Inc.*, No. CIV-14-853-D, 2018 WL 1079376, at \*1 (W.D. Okla. Feb. 27, 2018) (declining to consider plaintiff's motion to exclude expert testimony under Fed. R. Civ. P. 37(c) based on plaintiff's noncompliance with Local Civil Rule 37.1).

The Court declines to issue a ruling addressing the permissible scope of Gelhar's lay testimony—an issue that was raised by SpecSys and discussed by Plaintiffs for the first time in their reply brief. *See Kochert*, 2019 WL 4581361, at \*6 ("[A]rguments raised for the first time in a reply brief are deemed waived.").

Accordingly, Plaintiffs' Motion to Strike Non-Retained Expert Dave Gelhar (Doc. No. 219) is DENIED.

---

performed work" for CMI because "[his] personal experience is limited to negotiating contract[s] for SpecSys, sales and marketing, oversight, attending meetings, arranging things with CMI, getting people assigned to jobs, and working on documents." Pls.' Reply at 2. The Court declines to consider this argument, as it lies far beyond the scope of Plaintiffs' opening brief. *See Kochert v. Lindsay Mun. Hosp. Auth.*, No. CIV-18-787-G, 2019 WL 4581361, at \*6 (W.D. Okla. Sept. 19, 2019) ("[A]rguments raised for the first time in a reply brief are deemed waived.").

IT IS SO ORDERED this 28th day of May, 2021.

*Charles B. Goodwin*

CHARLES B. GOODWIN
United States District Judge