## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CMI ROADBUILDING, INC., and<br>CMI ROADBUILDING, LTD. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | **Case No. CIV-18-1245-G** |
| | ) | |
| SPECSYS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Now before the Court is Defendant's Motion to Exclude Expert Opinion Testimony of John F. Phillips (Doc. No. 212). Plaintiffs have responded in opposition (Doc. No. 284) and Defendant has replied (Doc. No. 311). The Court makes its decision based on the parties' written submissions.

### BACKGROUND

This lawsuit stems from a series of purchase orders (the "Purchase Orders") whereby Defendant SpecSys, Inc. ("SpecSys") agreed to manufacture mobile equipment and provide related design and engineering services to Plaintiff CMI Roadbuilding, Inc. ("CMI"). The Purchase Orders, which have been detailed in previous Orders of the Court, are summarized below:

- Purchase Order 17580, dated January 11, 2018, whereby SpecSys agreed to manufacture and assemble TR-4 machines for CMI (Doc. No. 78-16 at 2-11);

- Purchase Order 18643, dated March 2, 2018, whereby SpecSys agreed to perform engineering updates to the concept design for CMI's TP-4 machine (Doc. No. 78-26 at 9-12);

- Purchase Order 18645, dated March 2, 2018, whereby SpecSys agreed to provide control support services related to the TR-4 and TP-4 projects (Doc. No. 78-26 at 16-19);

- Purchase Order 18644, dated March 2, 2018, whereby SpecSys agreed to create a manual for the TR-4 machine (Doc. No 78-26 at 13-15);

- Purchase Order 20501, dated May 24, 2018, whereby SpecSys agreed to provide "engineering manpower" for the support and design of CMI mobile equipment over a three-month period (Doc. No. 78-33 at 2-5);

- Purchase Order 21234, dated July 10, 2018, whereby SpecSys agreed to manufacture various wiring harnesses for CMI (Doc. No. 78-36 at 3-9);

- Purchase Order 22015, dated August 20, 2018, whereby SpecSys agreed to develop, test, and debug software and controls on CMI's SP-5 machine and provide related engineering services (Doc. No. 78-46 at 2-5); and

- Purchase Order 22016, dated August 20, 2018, whereby SpecSys agreed to develop, test, and debug software and controls on CMI's TM-11 machine and provide related engineering services (Doc. No. 78-46 at 6-9).

By September 19, 2018, the parties' relationship had deteriorated to the point that CMI directed SpecSys to stop work on active Purchase Orders. Am. Compl. ¶ 79; Answer ¶ 79; Doc. No. 78-51. The parties soon became embroiled in a dispute about: (1) what amounts, if any, are due and owing under the outstanding invoices; and (2) what items, if any, SpecSys is obligated to turn over to CMI. The dispute blossomed into the current lawsuit, which was filed on December 20, 2018, by CMI and its parent company CMI Roadbuilding, Ltd. (collectively, "Plaintiffs").

On October 20, 2020, Plaintiffs filed their initial expert disclosures listing John Phillips ("Phillips") as an expert whose testimony may be presented at trial. *See* Doc. No. 132. Plaintiffs filed updated disclosures for Phillips on December 21, 2020. *See* Doc. No.

149.   Each set of disclosures included: (1) a copy of Phillips' Curriculum Vitae; (2) Phillips' 25-page expert report ("Report"); and (3) a list of documents that Plaintiffs provided to Phillips "for consideration in preparation of his expert testimony."  Doc. Nos. 132, 149.  The 139-page list of documents filed with Plaintiffs' updated disclosures (Doc. No. 149-2) is referenced herein as the "Provided Documents List."

On December 23, 2020, SpecSys sent a letter advising Plaintiffs that the Provided Documents List "do[es] not satisfy the Federal Rules of Civil Procedure."  Doc. No. 212-2.  Plaintiffs responded on January 5, 2021:

> While we disagree with your statement that [the Provided Documents List] do[es] not satisfy the Federal Rules of Civil Procedure, we recognize that this is a document intensive case in which the experts are relying upon thousands of documents.  We will get with our experts and have them identify with greater specificity the documents upon which they are relying for their expert opinions.

Doc. No. 212-3.  SpecSys replied on January 8, 2021 with a generic "request[] that [Phillips] comply the Federal Rules of Civil Procedure," and attaching a copy of Rule 26.  Doc. No. 212-4.  On January 11, 2021, Plaintiffs supplemented their disclosures with a four-page list of documents purporting to identify the "materials which [Phillips] ha[d] reviewed to date" (the "Reviewed Documents List").  *See* Doc. No. 168, at 1.

Plaintiffs' counsel deposed Phillips on January 18, 2021.  Phillips testified that he had access to all documents on the Provided Documents List but had not viewed them all. Doc. No. 212-5 at 2-4.  When asked if he could identify "each and every document [he] reviewed" "with complete accuracy," Phillips testified that he could not.  *Id.* at 12.  Phillips further testified that he had not previously "communicated to anybody each and every

document [he] reviewed" in making his expert report.  *Id.*

ANALYSIS

I.  *Whether Phillips' Testimony Should be Excluded Based on Noncompliance with Rule 26(a)(2)(B)*

SpecSys contends that Phillips' Report does not satisfy the requirements of Federal Rule of Civil Procedure 26(a)(2)(B), and his testimony should thus be excluded in its entirety pursuant to Federal Rule of Civil Procedure 37(c).  Rule 26(a)(2) sets forth disclosure requirements for expert witnesses.  Expert witnesses such as Phillips who are "retained or specially employed to provide expert testimony" in a case must submit a report containing, among other items, "the facts or data considered by the witness" in forming his or her opinions.  Fed. R. Civ. P. 26(a)(2)(B)(ii).  SpecSys argues that Phillips' Report fails to satisfy this requirement because the Provided Documents List includes all documents *provided* to Phillips and not just those documents "he actually *reviewed*."  Op. Br. at 11-14.

SpecSys' request for relief under Rule 37(c) is subject to Local Civil Rule 37.1, which requires, as a precondition to the filing of a motion relating to a discovery dispute, that the moving party "advise[] the court in writing that counsel personally have met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord."  LCvR 37.1; *see also Talley v. Time, Inc.*, No. CIV-14-853-D, 2018 WL 1079376, at *1 (W.D. Okla. Feb. 27, 2018) (declining to consider plaintiff's motion to exclude expert testimony under Fed. R. Civ. P. 37(c) based on plaintiff's noncompliance with LCvR 37.1).  As SpecSys acknowledges, it did not initiate a meet and confer because

4

counsel "did not believe [it] was necessary." Reply Br. at 6. The request for exclusion pursuant to Rule 37(c) is denied for failure to comply with Local Civil Rule 37.1.

Moreover, the Court concludes that Plaintiffs discharged their obligation under Rule 26(a)(2)(B)(ii) by disclosing all facts and data provided to Phillips for consideration in preparation of his expert testimony. A majority of federal courts adhere to a "bright-line rule" whereby "facts or data considered" encompasses "all information *provided* to testifying experts" in connection with their testimony. *Reg'l Airport Auth. of Louisville v. LFG, LLC,* 460 F.3d 697, 715 (6th Cir. 2006) (emphasis added); *see also Fidel. Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.,* 412 F.3d 745, 751 (7th Cir. 2005); *In re Pioneer Hi-Bred Int'l, Inc.*, 238 F.3d 1370, 1375 (Fed. Cir. 2001). The bright-line rule has been cited favorably by lower courts within this Circuit. *See Oklahoma v. Tyson Foods, Inc.*, No. 05-CV-329, 2009 WL 1578937, at *2–3 (N.D. Okla. June 2, 2009); *McCormick v. Halliburton Energy Servs., Inc.*, No. CIV-11-1272-M, 2015 WL 2345310, at *2 (W.D. Okla. May 14, 2015); *Chevron Corp. v. Stratus Consulting, Inc.*, No. 10-CV-00047, 2010 WL 3923092, at *8 (D. Colo. Oct. 1, 2010). In accordance with these authorities, Plaintiffs' disclosure satisfied Rule 26(a)(2)(B)(ii).[1]

## II.   *Whether Particular Testimony Should be Excluded Under Rule 702*

Alternatively, SpecSys seeks partial exclusion of Phillips' testimony, arguing that

---

[1] To the extent SpecSys was entitled to ascertain the facts and data actually reviewed by Phillips—as distinguished from the facts and data provided to him—SpecSys had that opportunity when it deposed Phillips on January 18, 2021. Indeed, Phillips was questioned at length regarding the facts and data he reviewed in preparing his Report, and his answers were neither incomplete nor evasive.

Phillips should be prohibited from testifying: (1) as to whether SpecSys' conduct "goes against" the parties' contracts; and (2) about software coding and controls.  *See* Def.'s Mot. at 18-24.

>Rule 702 of the Federal Rules of Evidence provides:
>
>A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
>(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
>(b) the testimony is based on sufficient facts or data;
>
>(c) the testimony is the product of reliable principles and methods; and
>
>(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  The threshold question under Rule 702 is whether the challenged witness is qualified to provide expert testimony on the subject at issue.  The text of the rule "expressly contemplates that an expert may be qualified on the basis of knowledge, skill, experience, training, or education," and "[a]ny one of these bases is sufficient." *Alnahhas v. Robert Bosch Tool Corp.*, No. CIV-13-178-D, 2018 WL 2293965, at *5 (W.D. Okla. May 18, 2018).

Federal courts employ a "focused approach to determining an expert's qualifications," asking "whether this particular expert ha[s] sufficient knowledge to assist the jurors in deciding the particular issues in the case." *Lippe v. Howard*, 287 F. Supp. 3d 1271, 1279 (W.D. Okla. 2018) (internal quotation marks omitted).  The critical question is "not the qualifications of a witness in the abstract, but whether those qualifications

provide a foundation for a witness to answer a specific question" in the litigation.[2]  *Id.* (internal quotation marks omitted).   Put differently, the court must decide whether proposed expert testimony "fall[s] within the reasonable confines of [the witness's] expertise."  *Conroy v. Vilsack,* 707 F.3d 1163, 1169 (10th Cir. 2013) (internal quotations omitted).

> 1. *Whether Phillips Should be Prohibited from Testifying that SpecSys' Conduct "Goes Against" the Parties' Contracts*

SpecSys seeks to prevent Phillips from offering any opinion(s) as to whether SpecSys' practice of covering up the company name and logo on CMI's confidential documents constitutes a breach of the parties' confidentiality agreements.  Def.'s Mot. at 18-19.  Specifically, SpecSys takes issue with the following excerpt from Phillips' Report: "Having the Intellectual Property constituted by the drawing re-identified in this manner *goes strictly against the NDA agreement* signed by SpecSys management *as well as the confidentiality stated on the [Purchase Orders]* and is in direct disagreement with engineering ethics."[3]  *Id.* at 18 (emphasis added) (citing Doc. No. 149, at 3).  SpecSys argues that Phillips should not be permitted to testify as to whether any act or omission of SpecSys "goes against" an agreement between the parties.  Def.'s Mot. at 18.

---

[2] An expert witness must, of course, be sufficiently qualified "in a general, qualitative sense" (*i.e.,* he or she must have "the knowledge, skill, experience, training or education as required by Rule 702").  *Graves v. Mazda Motor Corp.*, 675 F. Supp. 2d 1082, 1092–93 (W.D. Okla. 2009), *aff'd,* 405 F. App'x 296 (10th Cir. 2010) (citation and internal quotation marks omitted).

[3] The relevance of this statement appears to relate strictly to a contract theory on which the Court granted summary judgment in SpecSys' favor.  Thus, this aspect of SpecSys argument is likely moot.

The Federal Rules of Evidence permit expert witnesses to testify in the form of an opinion—even as to ultimate issues of fact—provided such testimony "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a), 704. Experts may "refer to the law in expressing [their] opinion," provided they do not "usurp[] the jury's function" by "simply tell[ing] the jury what result it should reach." *United States v. Schneider*, 704 F.3d 1287, 1293-94 (10th Cir. 2013) (internal quotation marks omitted). "Generally, an expert may not state his or her opinion as to legal standards nor may he or she state legal conclusions drawn by applying the law to the facts." *Okland Oil Co. v. Conoco Inc.*, 144 F.3d 1308, 1328 (10th Cir. 1998). "This type of opinion does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's." *Pioneer Centres Holding Co. Emp. Stock Ownership Plan & Tr. v. Alerus Fin., N.A.*, 858 F.3d 1324, 1342 (10th Cir. 2017) (alteration and internal quotation marks omitted).

Applying these principles, the Court agrees that the challenged statement is tantamount to opining that SpecSys breached the agreement in question. That is an ultimate issue of law beyond the province of an expert witness. *See Lawlis v. Moore Iron & Steel Corp.*, No. CIV-13-823-D, 2016 WL 11261895, at *5 (W.D. Okla. Jan. 11, 2016) ("The question of interpretation of the contract is for the jury and the question of legal effect is for the judge. In neither case do [courts] permit expert testimony.") (internal quotation marks omitted); *accord Hammer v. State Farm Fire & Cas. Co.*, No. CIV-11-0157-HE, 2012 WL 12861114, at *5 (W.D. Okla. July 30, 2012). This testimony shall be excluded.

2. *Whether Phillips Should be Precluded from Testifying About Software Coding and Controls*

SpecSys contends that Phillips "is a mechanical engineer" and, as such, "is not qualified to testify as a coding/controls expert." Def.'s Mot. at 22. SpecSys points to testimony from Phillips' deposition, wherein Phillips admits he is not an expert in "computer controlling software" for mobile roadbuilding equipment, that he "wouldn't be qualified to give opinions about [the] code" for computer controls systems, and that he can offer opinions about SpecSys' "computer control work . . . [o]nly from the standpoint that [he has] seen it done" before. *Id.* at 22-23. SpecSys submits that, based on Phillips' admitted lack of expertise, he should be precluded from offering any opinions about the four Purchase Orders—namely, Purchase Orders 18645, 22015, 22016, and 20501—that involve software coding and controls. Op. Br. at 22-24.

Plaintiffs respond that Phillips has approximately 50 years of experience in the design and assembly of mobile roadbuilding equipment, that he is "infinitely familiar with operation and controls" for the various machines at issue, and that although he does not "write code" for the computers that operate the machines' controls systems, he "has worked with computer controls since they became a part of the roadbuilding industry." Pl.'s Resp. at 26. Plaintiffs further argue that Phillips possesses knowledge relevant to other aspects of the controls systems (i.e., aspects beyond the computer component), as well as knowledge that is otherwise relevant to the four Purchase Orders in question. *See id.* at 26-27 (explaining that "[t]he operation and control of roadbuilding equipment requires much more than programming a computer"). For example, Plaintiffs assert that

Phillips has experience with the process required to obtain Cummins certification for machines equipped with a Tier IV engine. *Id.* at 24. This experience is relevant, according to Plaintiffs, because obtaining Cummins certification for the SP-5 and TM-11 machines was the impetus for the issuance of Purchase Orders 22015 and 22016. *Id.* at 24-25.

Having carefully reviewed the parties' submissions, the Court finds that Phillips should be prohibited from offering opinions specific to software coding. Phillips admits he is not an expert with respect to this topic.

The Court finds that Phillips does possess relevant expertise on the subject of controls systems. Whether Phillips' proposed testimony exceeds the "reasonable confines" of that expertise is unclear. SpecSys does not identify the specific opinions to which it objects, and, in light of Phillips' firsthand knowledge regarding certain aspects of controls systems, the Court deems it inappropriate to prohibit testimony on the broad topic of "controls." *See Graves*, 675 F. Supp. 2d at 1093 (explaining that an expert's qualifications should be assessed only after identification of "the specific matters he proposes to address"); *Berry v. City of Detroit*, 25 F.3d 1342, 1352 (6th Cir. 1994) (cautioning against the finding of expertise on a topic "so broad as to be devoid of meaning," e.g., "declaring an attorney an expert in the 'law'") (cited favorably in *Lippe*, 287 F. Supp. 3d at 1280); *Rimes v. MVT Servs., LLC*, No. 19-cv-00282, 2020 WL 9074900, at *7 (N.D. Okla. July 24, 2020) (denying defendants' *Daubert* motion on the ground that it was "not supported by reference to any specific evidence or testimony" of the challenged witnesses).

The Court likewise disagrees that Phillips should be prohibited from testifying about *any* aspect of Purchase Orders 18645, 22015, 22016, and 20501 merely because those Purchase Orders involved software coding and/or controls.  Plaintiffs have shown to the satisfaction of the Court that Phillips has specialized knowledge, beyond the topics of software coding and controls, that is relevant to the claims and defenses implicating these Purchase Orders.

## CONCLUSION

For the reasons outlined above, Defendant's Motion to Exclude Expert Opinion Testimony of John F. Phillips (Doc. No. 212) is GRANTED IN PART:

a.  The Motion is granted insofar as SpecSys seeks to prevent Phillips from opining as to whether any act of SpecSys "goes against" any agreement between the parties, and on matters specific to software coding.

b.  The Motion is denied in all other respects.

IT IS SO ORDERED this 28th day of May, 2021.

_Charles B. Goodwin_
CHARLES B. GOODWIN
United States District Judge

11