UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CMI ROADBUILDING, INC., and | ) | |
| CMI ROADBUILDING, LTD. | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| v. | ) | **Case No. CIV-18-1245-G** |
| | ) | |
| SPECSYS, INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Now before the Court is Defendant's Motion for Partial Summary Judgment No. 2 (Doc. No. 238) and supporting brief (Doc. No. 239). Plaintiffs have responded in opposition (Doc. No. 273) and Defendant has replied (Doc. No. 296). The Court makes its decision based on the parties' written submissions.

BACKGROUND

This lawsuit stems from a series of purchase orders whereby Defendant SpecSys, Inc. ("SpecSys") agreed to manufacture mobile equipment and provide related design and engineering services to Plaintiff CMI Roadbuilding, Inc. ("CMI"). The business relationship soured, resulting in claims and counterclaims, including, as relevant to the Motion under review, Plaintiffs' claims for fraud in the inducement, constructive fraud, and bad faith.[1] *See* Am. Compl. (Doc. No. 78) ¶¶ 86-92, 157-165.

---

[1] Plaintiffs separately plead a claim for negligent misrepresentation, which is not a distinct cause of action under Oklahoma law but merely a type of constructive fraud. *See Pine Tel. Co. v. Alcatel-Lucent USA Inc.*, 617 F. App'x 846, 860 n.8 (10th Cir. 2015); *Faulkenberry v. Kan. City S. Ry. Co.*, 602 P.2d 203, 206 n.6 (Okla. 1979) ("Liability for constructive fraud may be based on a negligent misrepresentation.").

SUMMARY JUDGMENT STANDARD

Summary judgment is a means of testing in advance of trial whether the available evidence would permit a reasonable jury to find in favor of the party asserting a claim. The Court must grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A party that moves for summary judgment has the burden of showing that the undisputed material facts require judgment as a matter of law in its favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To defeat summary judgment, the nonmovant need not convince the Court that it will prevail at trial, but it must cite sufficient evidence admissible at trial to allow a reasonable jury to find in the nonmovant's favor—i.e., to show that there is a question of material fact that must be resolved by the jury. *See Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005). The Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

Parties may establish the existence or nonexistence of a material disputed fact by:

- citing to "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" in the record; or
- demonstrating "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Fed. R. Civ. P. 56(c)(1)(A), (B).  While the Court views the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party, *see Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005), "[t]he mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the [nonmovant]." *Liberty Lobby*, 477 U.S. at 252.

ANALYSIS

## I.   *Fraud Claims*

Plaintiffs' claims of fraud in the inducement of contract and constructive fraud share, as their fundamental element, a misrepresentation (or omission) of a past or present fact.  *See Sutton v. David Stanley Chevrolet, Inc.*, 475 P.3d 847, 852-53 (Okla. 2020). SpecSys argues that the statements alleged to be fraudulent are either truthful and/or consist of non-actionable opinions or promises of future performance.  Def.'s Br. (Doc. No. 239) at 11.  Before evaluating this argument, the Court must address a preliminary issue regarding the scope of its consideration.

### A.      Assertions of Fraud that are Inadequately Identified and/or Supported

In addition to the statements or omissions clearly pled and supported by Plaintiffs as bases of their fraud claims, the Amended Complaint and other materials submitted by Plaintiffs refer to other possible bases for those claims.[2]  For example, the Amended

---

[2] The Court acknowledges SpecSys' unfruitful attempts, through depositions and other discovery, to define the universe of alleged misrepresentations on which Plaintiffs predicate their fraud claims.

Complaint is replete with alleged misrepresentations not mentioned in the summary judgment briefing.  *See, e.g.*, Am. Compl. ¶¶ 24, 32, 35, 59, 65.  Likewise, Plaintiffs' response brief discusses alleged misrepresentations not referenced in the Amended Complaint.  *See, e.g.*, Pls.' Resp. Br. (Doc. No. 273) at 8 (statements in a May 10, 2018 PowerPoint presentation); *id.* at 9 (statements in a July 23, 2018 email).  To complicate matters, Plaintiffs' corporate designee testified that Plaintiffs' fraud claims are predicated, at least in part, on 12 statements identified by dates that do not fully align with the dates alleged in the Amended Complaint.  West Dep. (Doc. No. 239-2) 50:2-71:8.  Plaintiffs unhelpfully advise the Court that the representations identified by their corporate designee are only "*some* of the dates of the misrepresentations."  Pls.' Resp. Br. at 3.

In evaluating which assertions of fraud survive SpecSys' summary judgment motion, the Court has expressly discussed only those assertions that are both articulated in Plaintiffs' Amended Complaint and addressed in Plaintiffs' response brief.[3]  *See Woods v. Grant & Weber, Inc.*, No. CIV-18-939-R, 2018 WL 6517455, at *2 (W.D. Okla. Dec. 11, 2018) (explaining that "[m]otions for summary judgment should be decided on the claims as pled, not as alleged in motion papers") (internal quotation marks omitted)); *Cross v. The Home Depot*, 390 F.3d 1283, 1290 (10th Cir. 2004) (stating that the party opposing summary judgment has the "burden to ensure that the factual dispute is

---

[3] *Accord Adams v. Garvin Cnty. Bd. of Cnty. Comm'rs*, No. CIV-14-1337, 2016 WL 5173395, at *4 (W.D. Okla. Sept. 21, 2016) (resolving to consider "only . . . those causes of action and arguments that Plaintiffs [] clearly enunciated in their Amended Complaint **and** addressed in their responses to summary judgment").

portrayed [to the court] with particularity" (internal quotation marks omitted)); *see also* Fed. R. Civ. P. 9(b) ("In alleging fraud . . . , a party must state with particularity the circumstances constituting fraud . . . .").

Further, the Court has limited its discussion to only those statements articulated with a reasonable degree of precision and supported by citation to "particular parts of materials in the record."[4]  Fed. R. Civ. P. 56(c)(1)(A); *see also* LCvR 56.1(d) ("Each individual statement by the movant or nonmovant pursuant to subparagraph (b) or (c) of this rule shall be followed by citation, with particularity, to any evidentiary material that the party presents in support of its position . . . ."). The Court has no obligation "to comb the record" in order to make Plaintiffs' arguments for them.  *Mitchell v. City of Moore*, 218 F.3d 1190, 1199 (10th Cir. 2000); *see also Doe v. Univ. of Denver*, 952 F.3d 1182, 1191 (10th Cir. 2020) ("Where a report or other material is made part of the record but the party fails to cite to the particular parts of the record that support a particular argument, the district court is under no obligation to parse through the record to find the uncited materials.") (alterations and internal quotation marks omitted).

---

[4] For example, Plaintiffs assert that SpecSys made "numerous representations" in the parties' Confidentiality and Non-Disclosure Agreement ("NDA") "about how [it] would treat Plaintiffs' confidential information." Pls.' Resp. Br. at 6.  Plaintiffs do not, however, point the Court to any specific provision in the NDA that they contend was fraudulent. Likewise, Plaintiffs argue that throughout an 80-page sales brochure, SpecSys "made numerous factual representations" about its "engineering and manufacturing experience and capabilities." Pls.' Resp. Br. at 4; *see also* Am. Compl. ¶ 19 ("Among other things, Wald represented the experience and capabilities of SpecSys for engineering and manufacturing mobile equipment"). But Plaintiffs do not describe the complained-of statements with enough precision to enable the Court to identify them. *See* Pls.' Resp. Br. at 4.  Nor do they adequately narrow the search, instead directing the Court to a span of pages consisting of nearly half of the 80-page document. *See id.*

As a result, the Court has limited its discussion to six categories of statements—

namely, those contained in: (1) the cab design emails, (2) the initial and revised proposals

for the TR-4, (3) the proposal for the TR-4 manual, (4) the proposal for the TP-4, (5) the

proposal for controls support services, and (6) the May 21, 2018 proposal for engineering

support services.   As to all other suggested grounds for Plaintiffs' claims of fraud, the

Court finds such grounds to be inadequately pled and/or supported and, therefore, grants

summary judgment in favor of SpecSys.

> B.      Plaintiffs' Fraud Claims

Upon consideration of the evidentiary materials presented by the parties, and

viewing all reasonable inferences in Plaintiffs' favor, the Court concludes that none of

the six categories of statements adequately advanced by Plaintiffs as the bases of their

fraud claims may proceed.   As detailed below, Plaintiffs' fraud claims are largely

premised on promises of future performance.

> Under Oklahoma law, the general rule is that when a false representation is
> the basis of the fraud, that representation must relate to existing facts or
> previously existing facts, and not to promises of some future act.   An
> exception to this rule exists where such a promise to act in the future is made
> with the intention not to perform and with the intent to deceive.

*Showler v. Harper's Mag. Found.*, 222 F. App'x 755, 765 (10th Cir. 2007) (applying rule

to claims of fraud and constructive fraud).   Thus, to show that Defendant's promises of

future performance were fraudulent, Plaintiffs must show not just that the promises went

unfulfilled but that they were made "mala fide," i.e., with both "an intention not to

perform" and an "intent to deceive." *Citation Co. Realtors, Inc. v. Lyon,* 610 P.2d 788,

790 (Okla. 1980) ("There is a wide distinction between the nonperformance of a

promise," on one hand, and "a promise made mala fide," on the other; only the latter is "actionable fraud."); *see also Roberts v. Wells Fargo AG Credit Corp.,* 990 F.2d 1169, 1173 (10th Cir. 1993) (explaining that nonperformance of a promise is insufficient proof of intent not to perform).   As set forth below, Plaintiffs have not identified sufficient evidence from which a reasonable jury could conclude that the statements at issue were untrue or that they consist of promises SpecSys did not intend to keep.

> 1.   Cab Design Emails

Plaintiffs cite two written representations by SpecSys' Chief Executive Officer Kevin Wald ("Wald") regarding SpecSys' proclaimed ability to begin work "immediately" on a new cab design for CMI.  Am. Compl. ¶¶ 21-22 (citing Doc. No. 78-4 and Doc. No. 78-5).  Plaintiffs also point to an email in which Wald relays SpecSys' ability to manufacture "Trimmers" and/or "chip spreaders" for CMI and "have [them] ready for Conexpo should you sell one!"  Am. Compl. ¶ 23 (citing Doc. No 78-6).  Wald further expressed SpecSys' "willing[ness] to jump a project or build of [CMI's] to the front of the priority list."  *Id.*

SpecSys has presented declarations of Wald and another officer attesting to the truth of these statements.  *See* Dec. of Kevin Wald (Doc. No. 239-17) at 3; Dec. of Dave. Gelhar (Doc. No. 239-18) at 3.  Plaintiffs contend that the cited declarations are "unsubstantiated" and do not prove the alleged misrepresentations to be true.  Pls.' Resp. Br. at 5 ("Plaintiffs dispute that SpecSys could have started on the cabs immediately; the unsubstantiated Wald Decl. and Gelhar Decl. do not establish this fact.").   The declarations support the truth of the challenged statements, requiring Plaintiffs to present

evidentiary material sufficient to create a genuine dispute of fact as to whether those statements were false.  Because Plaintiffs fail to do so, summary judgment should be granted for SpecSys.

> 2.      Initial and Revised Proposals for TR-4 Machine

Plaintiffs argue that, in a series of project proposals, SpecSys falsely represented its ability to "complete . . . manufacturing [of a TR-4 Machine][5] per the following schedule":

> Week 1-3 MRP/BOM/Router/Work Order/Programming/Etc.
> Week 4-8 Fabrication (Plasma/Laser/Press Brake)
> Week 6-11 Machining (Mill/Lathe/Drill/Tap/Bore)
> Week 7-13 (Welding/Paint);
> Week 12-16 (Assembly/Test).

Pls.' Resp. Br. at 6-7; *see also* Am. Compl. ¶¶ 34, 36, 37; Doc No. 78-12 at 6; Doc. No. 78-14 at 3; Doc. No 78-15 at 3.  SpecSys further stated: "*We are ready to start this effort, and believe with a [purchase order] in the next 10 days, we would have the first unit operating in our yard in April 2018*."  Am. Compl. ¶ 36 (citing Doc. No. 78-14 at 1).

The Court agrees with SpecSys that the proposed timeline was a promise of future performance and that Plaintiffs have supplied no evidentiary material indicating that the promise was made with an intention not to perform.  *See Pine Tel. Co. v. Alcatel Lucent USA Inc.*, 617 F. App'x 846, 849, 859–60 (10th Cir. 2015) (upholding summary judgment on plaintiff's claim that defendant misrepresented its ability to deploy a 3G network by the "target 'equipment operational' date"; holding that "evidence suggesting [defendant]

---

[5] The TR-4 is a machine used to trim the road base prior to the pouring of pavement.  Am. Compl. ¶ 35.

may have been hampered by a lack of resources" was insufficient to defeat summary judgment because there was no indication that defendant "knew of these deficiencies at the time the parties entered the [] agreement").

### 3.   TR-4 Manual Proposal

Plaintiffs assert that, in a proposal submitted on February 8, 2018, SpecSys falsely represented that it would create a TR-4 user's manual for CMI at a fixed price of $28,000.[6]  Pls.' Resp. Br. at 7; *see also* Am. Compl. ¶¶ 46, 55; Doc. No 78-21 at 2-3; Doc. No. 239-19 at 2.  This proposal was a promise of future performance.  Citing the deposition testimony of SpecSys engineer Dustin Johnson ("Johnson"), Plaintiffs contend that SpecSys "never intended to furnish the [manual] for the contract price," but instead "intended to charge more to complete the work."  Pls.' Resp. Br.  (citing Doc. No. 273-14).

Contrary to Plaintiffs' suggestion, Johnson's testimony does not support a reasonable inference that SpecSys never intended to furnish the manual for the contract price.  Johnson merely testified that the manual was never completed and that SpecSys far exceeded the engineering hours budgeted for the project.  Johnson Dep. (Doc. No. 273-14) 140:16-25, 147:16-148:17; *see also* Doc. No. 273-15 at 1.  Those facts are insufficient to establish a present intent not to perform.  *See Pine*, 617 F. App'x at 859–60.

---

[6] SpecSys later agreed to create two separate manuals for the TR-4 Machine—an operator's manual and a parts manual—for a fixed price of $25,000. *See* Doc. No. 239-19 at 2.

4.      Proposal for TP-4 Machine

Plaintiffs next complain about representations SpecSys made in a proposal for

construction of a TP-4 Machine.[7]  Am. Compl. ¶ 47.  Specifically, Plaintiffs contend that

SpecSys falsely represented it had the "engineering and manufacturing capability to take

the machine from design to prototype and testing" in a span of 25 days.  Pls.' Resp. Br.

at 7; Am. Compl. ¶¶ 47-48; Doc. No. 78-22; Doc. No. 78-23.

The timeline included in the proposal was, at most, a promise of future

performance.   Plaintiffs have not identified any evidentiary material from which a

reasonable jury could find that SpecSys made the representations with the intent not to

perform.

5.      Controls Support Proposal

Plaintiffs argue that, in a proposal to provide Controls Support Services to CMI,

SpecSys fraudulently represented its "intent to provide the corrected code on

completion."  Pls.' Resp. Br. at 8; Am. Compl. ¶ 49; Doc. No. 78-24.  While Plaintiffs

contend that SpecSys did not fulfill this promise, Plaintiffs do not point the Court to

evidentiary material showing that the promise was made with the intention not to do so.

6.      Engineering Services Proposal

Finally, Plaintiffs argue that, in an engineering services proposal transmitted on

May 21, 2018, SpecSys falsely represented "the qualifications of [its] engineers."  Pls.'

Resp. Br. at 9.  Specifically, Plaintiffs take issue with following statement:

---

[7] "The TP-4 is [a machine] used to place concrete on a road base to be formed by a slip-
form paver."  Am. Compl. ¶ 47.

**It is expected that SpecSys will staff this effort with the following (4 Full Time Engineers):**
- Qty 2 Hydraulic & Powertrain Engineers/Designers
- Qty 2 Electrical & Controls Engineers.

*Id.* (citing Doc. No. 239-15 at 2); *see also* Am. Compl. 61; Doc. No. 78-32.  Citing the deposition testimony of Johnson Hansen ("Hansen"), Dane Kjer ("Kjer"), and Devin Dolby ("Dolby"), Plaintiffs assert that SpecSys "had neither hydraulic nor electrical engineers" with which to staff the project.  Pls.' Resp. Br. at 3-4, 9.

The Court concludes that the statement at issue is a non-actionable expression of expectation.  *See Farmers Union Co-Operative Royalty Co. v. Cook*, 154 P.2d 957, 959 (Okla. 1944) ("mere expressions of expectation or intention" are not actionable under a fraud theory); *accord In re Hampton*, 407 B.R. 443 (B.A.P. 10th Cir. 2009).  Indeed, SpecSys' proposal is preceded with the statement "It is expected that . . . ."  Pls.' Resp. Br. at 9.

## II.   Bad Faith

Plaintiffs allege that, with respect to each of the eight purchase orders at issue, and detailed elsewhere by the parties and the Court, SpecSys breached its duty to deal fairly and in good faith with CMI.  Am. Compl. ¶ 158.  SpecSys argues that, as a matter of Oklahoma law, it does not owe CMI a duty arising in tort to deal fairly and in good faith.  Def.'s Br. at 22-23.  The Court agrees.

Although "[e]very contract in Oklahoma contains an implied duty of good faith and fair dealing," breach of that duty ordinarily "results in damages for breach of contract" and does not give rise to "independent tort liability."  *Wathor v. Mut. Assurance*

*Adm'rs, Inc.*, 87 P.3d 559, 561 (Okla. 2004).  A tort action may be available, however, in limited situations where there exists a "special relationship" between the parties—the quintessential example being that between an insurer and its insured—that results from a disparity in bargaining power and the noncommercial purpose of the underlying agreement.  *Id.* at 561-62.  The Oklahoma Supreme Court has repeatedly expressed reluctance to extend the bad-faith tort beyond the insurance field.  *See, e.g.*, *Embry v. Innovative Aftermarket Sys. L.P.*, 247 P.3d 1158, 1160-61 (Okla. 2010).

In this case, Plaintiffs offer no argument or evidence from which a reasonable jury could conclude that there existed a "special relationship" between CMI and SpecSys.

## CONCLUSION

For the reasons outlined above, the Court finds SpecSys is entitled to summary judgment on Plaintiffs' claims for fraud in the inducement, (Count I), constructive fraud (Count XII), and bad faith (Count XII).

Accordingly, the Court:

1.      GRANTS Defendant's Motion for Partial Summary Judgment No. 2 (Doc. No. 238); and

2.      ADVISES the parties that entry of judgment in favor of Defendant under Federal Rule of Civil Procedure 58 on this claim for relief will await resolution of Plaintiffs' remaining claims.

13

IT IS SO ORDERED this 28th day of May, 2021.

CHARLES B. GOODWIN
United States District Judge