# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CMI ROADBUILDING, INC., and** ) <br> **CMI ROADBUILDING, LTD.** ) <br> **Plaintiffs,** ) <br> v.         ) <br>              ) <br> **SPECSYS, INC.,** ) <br>              ) <br> **Defendant.** ) | Case No. 5:18-cv-01245-G |

## **ORDER**

Now before the Court are: (1) Plaintiffs' Motion for Reconsideration of Summary Judgment Order (Doc. No. 358); and (2) Plaintiffs' Motion for Reconsideration of Summary Judgment Order (Doc. No. 360). Defendant has filed a Combined Response in Opposition (Doc. No 366) to the Motions. The Court makes its decision based on the parties' written submissions.

### BACKGROUND

Plaintiffs CMI Roadbuilding, Inc. and CMI Roadbuilding, Ltd. (collectively, "CMI") initiated this action on December 20, 2018, asserting claims against Defendant SpecSys, Inc. ("SpecSys") arising out of the parties' spoiled business relationship. *See* Compl. (Doc. No. 1); Am. Compl. (Doc. No. 78). The relevant factual background and specific allegations were detailed in a series of summary-judgment orders issued by the Court on May 28, 2021. This Order assumes general familiarity with the facts and claims at issue in the two summary-judgment orders that are the subject of CMI's requests for reconsideration. *See* Orders of May 28, 2021 (Doc. Nos. 333 and 338).

As relevant to the Motions under review, CMI alleged, among other things, that: (1) SpecSys fraudulently induced CMI to execute eight purchase orders (the "Purchase Orders") whereby SpecSys would provide certain engineering and manufacturing services to CMI; (2) during the course of the parties' relationship, SpecSys wrongfully redacted information from CMI's proprietary engineering documents (the "Engineering Documents") and then disclosed the redacted documents to a number of third-party vendors; and (3) upon termination of the parties' relationship, SpecSys wrongfully retained copies of CMI's Engineering Documents. *See generally* Am. Compl. Based on these allegations, CMI asserted claims for fraud in the inducement, *id.* ¶¶ 86-92; constructive fraud, *id.* ¶¶ 157-165; common-law conversion, *id.* ¶¶ 182-90; breach of the parties' Confidentiality and Non-Disclosure Agreement ("NDA"), *id.* ¶¶ 152-56; and misappropriation of trade secrets in violation of the Defend Trade Secrets Act, 18 U.S.C. § 1832 et seq. ("DTSA") and Oklahoma's Uniform Trade Secrets Act, Okla. Stat. tit. 78, § 85 et seq. ("OUTSA"), *id.* ¶¶ 171-181.

STANDARD OF DECISION

Motions to reconsider, though "not formally recognized by the Federal Rules of Civil Procedure . . . are routinely entertained, in one form or another, by federal courts."[1] *Christ Ctr. of Divine Philosophy, Inc. v. Elam*, No. CIV-16-65-D, 2018 WL 1770491, at *1 (W.D. Okla. Apr. 12, 2018), *aff'd*, No. 18-6089, 2019 WL 644215 (10th Cir. Feb. 15,

---

[1] CMI's Motions were improperly filed under Fed. R. Civ. P. 59(e) because no final judgment has been entered. The Court will exercise its discretion to treat the Motions as seeking reconsideration under Fed. R. Civ. P. 54(b).

2019). Reconsideration may be predicated on one or more of three grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Thus, a motion to reconsider "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

## DISCUSSION

CMI does not point to any new evidence or any change in the controlling law. The thrust of its Motions, rather, is that the Court misapplied the law and/or misapprehended CMI's position. As set forth below, CMI does not, as it must, show that reconsideration is necessary to "correct clear error" or to "prevent manifest injustice." *Servants of Paraclete*, 204 F.3d at 1012. Its Motions largely rehash arguments the Court has previously rejected and raise theories and arguments that should have been advanced in earlier filings.

CMI first asks the Court to revisit its ruling that CMI cannot proceed to trial on fraud theories that were inadequately pled and/or supported by citation to materials in the record. Pls.' Mot. (Doc. No. 360) at 2-6; *see* Order of May 28, 2021 (Doc. No. 338) at 3-6. CMI argues that it should be allowed to pursue these theories at trial because "SpecSys cannot demonstrate surprise or prejudice." Pls.' Mot. (Doc. No. 360), at 2; *see also id.* at 6 ("SpecSys cannot show prejudice because it actively participated in discovery concerning Plaintiffs' fraud claims"). The proposition that lack of surprise or prejudice

obviates a party's obligation to comply with federal pleading requirements and procedural rules is not persuasive.

CMI further contends that the universe of SpecSys' fraudulent statements and omissions is so large that it could not reasonably have been captured in a pleading or brief. *Id.* at 3-5. It is sufficient, CMI maintains, that its filings relayed the gist of SpecSys' fraudulent conduct by giving examples of statements CMI contends were false or misleading. *See id.* This position was considered, and rejected, by the Court as irreconcilable with Rule 9(b) of the Federal Rules of Procedure, among other reasons.[2] *See* Fed. R. Civ. P. 9(b) (requiring that claims of fraud be pled "with particularity"). The Court correctly held that CMI may not proceed to trial on an amorphous claim of fraud. *See* Order of May 28, 2021 (Doc. No. 338) at 3-6.

Relatedly, CMI requests reconsideration of the Court's ruling that it cannot proceed to trial on a theory of trade-secret misappropriation that was not advanced in the Amended Complaint—specifically, unauthorized disclosure of the Engineering Documents. Pls.' Mot. (Doc. No. 358) at 2-10; *see* Order of May 28, 2021 (Doc. No. 333) at 25-27. CMI points to paragraph 82 of the Amended Complaint as evidence that it did in fact plead an unlawful-disclosure theory. Paragraph 82 states, in relevant part: "SpecSys has failed to

---

[2] The purpose of Rule 9(b)'s particularity requirement is "to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (quotation marks omitted). The "need for particularity is especially persuasive" where, as here, "the defendant is a business entity that engages in a high volume of transactions and might have difficulty in identifying the one that is being challenged." 5A Fed. Prac. & Proc. Civ. § 1296 (4th ed.).

treat Plaintiffs' Trade Secrets confidentially or take reasonable and appropriate steps to protect the Trade Secrets in accordance with the NDA." Am. Compl. ¶ 82. This vague allegation does not, without more, state a claim for violation of the DTSA or OUTSA based on disclosure of the Engineering Documents, and the Court justifiably rejected CMI's attempt to enlarge its misappropriation claims on summary judgment. *See Woods v. Grant & Weber, Inc.*, No. CIV-18-939-R, 2018 WL 6517455, at *2 (W.D. Okla. Dec. 11, 2018) (explaining that "[m]otions for summary judgment should be decided on the claims as pled, not as alleged in motion papers") (internal quotation marks omitted)).

CMI likewise asserts that "SpecSys is, and has been, well aware [that] Plaintiffs' misappropriation claims included disclosure of the Engineering Documents" and cannot, therefore, "demonstrate surprise or prejudice" regarding the unlawful-disclosure theory. Pls.' Mot. (Doc. No. 358) at 2; *see also id.* at 10. But again, the Court is not persuaded by, and CMI cites no authority for, the proposition that lack of surprise or prejudice relieves a party of its obligation to comply with federal pleading requirements and procedural rules.

CMI next seeks reconsideration of the Court's ruling that CMI failed to submit evidence showing SpecSys owed it a contractual duty to refrain from redacting the Engineering Documents. Pls.' Mot. (Doc. No. 358) at 10-11; *see* Order of May 28, 2021 (Doc. No. 333) at 21-23. CMI points to paragraph 2 of the NDA, which requires SpecSys to maintain the confidentiality of CMI's proprietary information and prohibits SpecSys from disclosing such information "'to any third party . . . in any manner without [CMI's] prior written consent.'" Pls.' Mot (Doc. No. 358) at 11 (citing Doc. No. 232-3 ¶ 2). As

an initial matter, this argument is not properly raised on reconsideration because it could have been advanced in CMI's summary-judgment briefing but was not. *See Servants of Paraclete*, 204 F.3d at 1012 (explaining that a motion to reconsider is not an appropriate vehicle for "advanc[ing] arguments that could have been raised in prior briefing"). In any event, the Court finds the argument to be without merit. By its unambiguous terms, the cited NDA provision prohibits *disclosure*—not *alteration*—of information. The Court held that CMI could proceed to trial on its claim that SpecSys breached the NDA by disclosing the Engineering Documents without prior authorization. Order of May 28, 2021 (Doc. No. 333) at 19-21.

Finally, CMI asks the Court to reconsider its ruling that the Engineering Documents are not tangible personal property subject to conversion under Oklahoma law or, alternatively, to "rule that SpecSys cannot assert possessory liens under the UCC or other Oklahoma statutes on intangible property." Pls.' Mot. (Doc. No. 358) at 11-12; *see* Order of May 28, 2021 (Doc. No. 333) at 17-19. Neither request is a proper basis for a motion to reconsider. The former rehashes arguments that were raised and rejected on summary judgment, while the latter embodies an argument that could have been raised at an earlier juncture but was not. *See Servants of Paraclete*, 204 F.3d at 1012 (explaining that a motion to reconsider is not an appropriate vehicle for "revisit[ing] issues already addressed" or for "advanc[ing] arguments that could have been raised in prior briefing").

CONCLUSION

For the above-stated reasons, the Court is not persuaded that reconsideration is necessary to correct clear error or to prevent injustice. Plaintiffs' Motions to Reconsider (Doc. No. 358 and 360) are therefore DENIED.

IT IS SO ORDERED this 11th day of June, 2021.

CHARLES B. GOODWIN
United States District Judge