# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

CMI ROADBUILDING, INC., and )
CMI ROADBUILDING, LTD. )
           Plaintiffs, )
        v. )      Case No. CIV-18-1245-G
 )
SPECSYS, INC., )
 )
           Defendant. )

## ORDER

Now before the Court is the Omnibus Motion in Limine (Doc. No. 349) of Plaintiffs CMI Roadbuilding, Inc. ("CMI") and CMI Roadbuilding Ltd. (collectively, "Plaintiffs"). Defendant SpecSys, Inc. ("SpecSys") has responded in opposition (Doc. No. 380), and the Motion is now at issue.

This lawsuit stems from a series of purchase orders (the "Purchase Orders") whereby SpecSys agreed to manufacture mobile equipment and provide related design and engineering services to CMI. The core issues in the case are (1) whether SpecSys breached the Purchase Orders and/or the parties' Confidentiality and Non-Disclosure Agreement ("NDA"); (2) what amounts, if any, CMI owes SpecSys under outstanding invoices and for work otherwise performed by SpecSys and accepted by CMI; and (3) what items, if any, SpecSys is obligated to turn over to CMI. The matter is set on the Court's June 2021 jury-trial docket.

### STANDARD OF DECISION

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1130

(10th Cir. 2016) (emphasis and internal quotation marks omitted). It "is a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995). A court's in limine rulings are preliminary and "subject to change as the case unfolds." *Luce v. United States*, 469 U.S. 38, 41-42 (1984).

DISCUSSION

### I.     *Exhibits Pertaining to Kevin Wald's Testimony as a Non-Retained Expert*

Plaintiffs request the exclusion of three items pertaining to SpecSys' non-retained expert Kevin Wald: (1) Kevin Wald's Subject Matter and Summary of Facts and Opinion (Def.'s Ex. 889); (2) Wald Facts & Opinions References (Def.'s Ex. 1337); and (3) the Curriculum Vitae of Kevin Wald (Def.'s Ex. 1339). Pls.' Mot. at 8-9. Plaintiffs contend these items are inadmissible under Federal Rules of Evidence 403, 702, 703, 802, 803. *Id.*

SpecSys does not object to excluding these items provided the Court does not admit into evidence similar items pertaining to Plaintiffs' expert witnesses—specifically the expert reports and Curriculum Vitae of Plaintiffs' retained expert John Phillips and Plaintiffs' non-retained expert John West. Def.'s Resp. at 10-11. It is not anticipated that Plaintiffs will attempt to admit these items, as they do not appear in the latest version of the pretrial report submitted by the parties (Doc. No. 381). The Court nonetheless concludes that expert reports and curriculum vitae are hearsay and, absent a stipulation by the parties, should be excluded under Rules 802 and 803 of the Federal Rules of Evidence. *See Rimes v. MVT Servs., LLC*, No. 19-CV-00282, 2020 WL 9074900, at \*3 (N.D. Okla. July 24, 2020) (collecting cases).

2

Therefore, the request is GRANTED. This ruling does not preclude the use of demonstrative aids, including those prepared by an expert witness, in appropriate circumstances.

## II.     *Deposition Transcripts and Errata Sheets Listed as Exhibits*

Plaintiffs seek to exclude as exhibits 20 deposition transcripts and accompanying errata sheets—namely, Defendant's Exhibits 563, 563A, 891, 892, 893, 896, 899, 899A 901, 904, 907, 908, 909, 911, 911A, 913, 914, 917, 922, and 925—arguing, among other things, that they are cumulative of testimony that will be presented at trial, either by designation or via live testimony. Pls.' Mot. at 9-10. SpecSys responds that the parties have reached an agreement whereby "SpecSys will remove deposition transcripts from [its] Exhibit List."[1] Def.'s Resp. at 11.

Accordingly, the request is DENIED as moot.

## III.     *Opinions Regarding Computer Code and Programming*

Plaintiffs seek to exclude opinion testimony from SpecSys' witnesses regarding "computer code" and "computer programming." Pls.' Mot. at 11. Plaintiffs submit that such testimony necessarily involves scientific, technical, and/or specialized knowledge within the purview of Federal Rule of Evidence 702 and that "SpecSys has not identified any retained expert to testify" on these topics. *Id.*

---

[1] SpecSys argues that "[i]f the jury requests the designated portions of the transcript, and the Court permits it, the jury should be allowed these portions in the deliberation room." *Id.* at 11. The issue will be addressed if and when the jury makes such a request.

The request is DENIED. SpecSys' expert disclosures identify Kevin Wald as a non-retained expert who is expected to testify on various topics pertaining to computer code and programming. *See generally* Doc. No. 170-1. Plaintiffs have not challenged Wald's qualifications to testify as an expert on these or any other topics, and, contrary to Plaintiffs' suggestion, Mr. Wald's classification as a non-retained expert is immaterial.

To the extent Plaintiffs seek an abstract ruling that SpecSys' fact witnesses may not testify in the form of an opinion if such testimony involves the mention of computer code or programming, that request is DENIED. *See* Fed. R. Evid. 701.

IV.    *Evidence Regarding Conversations with Cummins and Evidence that Cummins Certified the SP-5 Engine*

Plaintiffs broadly request the exclusion of testimony by SpecSys employees "about conversations with Cummins [personnel] and the alleged certification [by Cummins] of the SP-5 engine." Pls' Mot. (Doc. No. 349) at 12-13. Plaintiffs contend such testimony "is inadmissible hearsay" and "is also improper opinion testimony." *Id.* at 12. SpecSys responds that employees who actually witnessed the Cummins certification should be permitted to "testify as fact witnesses as to what they witnessed" and that any statements by "Cummins personnel . . . that the SP-5 passed the certification test" are admissible under Rule 803(1) of the Federal Rules of Evidence as present-sense impressions. Def.'s Resp. at 13-15.

In support of their respective arguments, the parties submit deposition testimony from three SpecSys employees: (1) Alex Marks (Doc. Nos. 349-6 at 1-6, 380-5); (2) Devin Dolby (Doc. No. 349-6 at 7-10); and (3) Eric King (Doc. No. 380-4). The submitted

deposition testimony reflects that Cummins personnel may have stated in the course of inspecting the SP-5 machine that the engine was certified and/or passed the test for certification. Such testimony is not opinion and is excepted from the rule against hearsay under Federal Rule of Evidence 803(1). Plaintiffs' request is therefore DENIED insofar as the deposition testimony submitted. Plaintiffs may re-urge their objection with respect to specific testimony that may be offered at trial.

## V.     *Evidence of Plaintiffs' Financial Condition and/or Ability to Pay SpecSys*

Plaintiffs seek to exclude evidence—including, but not limited to, Defendant's Exhibits 292, 335, 469, and 174—regarding Plaintiffs' financial condition and/or ability to pay SpecSys for work it allegedly performed in furtherance of the Purchase Orders. Pls.' Mot. at 14-15. Plaintiffs submit that such evidence is irrelevant to the claims and defenses at issue in this lawsuit and, alternatively, that any marginal relevance of such evidence is "far outweighed by the danger of unfair prejudice and confusion of the jury."[2] *Id.* at 15.

Both parties in this case have sought to present evidence of the other's financial circumstances to support their respective claims for breach of contract. Each side's theory has been that the other failed to perform its contractual obligations, at least in part, because

---

[2] SpecSys responds that this request is "unclear and unspecific," and complains that Plaintiffs fail to "explain how their financial information is irrelevant." Def.'s Resp. at 16-17. This complaint is disingenuous at best, as SpecSys raised this exact argument in response to Plaintiffs' motion to compel. *See* Def.'s Resp. (Doc. No. 177) (contending that evidence of SpecSys' financial condition "is not relevant to any [] claims and defenses in the case").

it lacked the financial resources to do so. The Court previously considered the relevance of such evidence in its March 5, 2021 order adjudicating Plaintiffs' motion to compel. *See* Order of Mar. 5, 2021 (Doc. No. 269) at 2-3. The Court observed that, with respect to a claim for breach of contract, "the sole question on liability is whether or not the contract was breached," and "[t]he *reasons* for the breach are irrelevant." *Id.* at 3 (citing Matthew A. Cartwright et al., LITIGATING BUSINESS AND COMMERCIAL TORT CASES § 2:4) (emphasis in original). The Court ultimately concluded that Plaintiffs had not met their burden "to show how SpecSys' reason for nonperformance is relevant to their contract claims." *Id.*

The Court remains doubtful that evidence of either party's financial condition is relevant to the remaining claims, which are chiefly contract-based. In any event, the Court concludes that such evidence is highly prejudicial and is likely to confuse the material issue of whether the contracts were breached with the immaterial issue of why the contracts may have been breached (if, in fact, they were). *See* Fed. R. Evid. 403.

Accordingly, the request is GRANTED.

## VI. *Testimony Regarding SpecSys' Possessory Lien and Security Interest*

Plaintiffs seek to exclude testimony regarding SpecSys' alleged possessory lien against and/or security interest in certain property that SpecSys created or improved. Pls' Mot. at 15-17. Plaintiffs assert that the existence of any such lien or security interest presents a question of law for the Court, and, therefore, "any mention" of the same by a witness would be improper. *Id.* at 16.

As Plaintiffs acknowledge, however, SpecSys raises its lien claim as an affirmative

defense to certain causes of action asserted by Plaintiffs. *See id.* at 15-16. Were the Court to grant the requested relief—i.e., bar *any mention* of SpecSys' purported lien or security interest—"it would appear [to the jury] that SpecSys is refusing to deliver the items for no valid reason." Def.'s Resp. at 18. A motion in limine is not a proper vehicle for disposing of a party's claims and defenses. *See* 75 Am. Jur. 2d *Trial* § 42 (2021) ("The use of motions in limine to summarily dismiss a portion of a claim has been condemned, and the trial courts are cautioned not to allow motions in limine to be used as unwritten and unnoticed motions for summary judgment or motions to dismiss."); *Petty v. Metro. Gov't of Nashville & Davidson Cnty.*, 687 F.3d 710, 720-21 (6th Cir. 2012) (addressing use of motion in limine to dispose of affirmative defenses).

Thus, the request is GRANTED IN PART. Counsel may elicit testimony regarding the purported liens and security interest for the limited purpose of explaining why SpecSys retained the property in question. Witnesses will not be permitted to testify as to the validity or legal effect of any lien or security interest.

VII. *Summaries Identified in the Final Pretrial Report*

Plaintiffs request the exclusion of various "summaries which [SpecSys] plans to present as exhibits"—namely, Defendant's Exhibits 1, 1A, 556, 1331, 1332, 1333, 1334, 1335, and 1336.[3] Pls' Mot. at 19-23. Plaintiffs argue that "SpecSys has failed to establish the proper foundation for admission of these exhibits" and "should be required to provide

---

[3] Plaintiffs also moved to exclude Def.'s Exs. 1346-1351 and 1353-1364. *Id.* During the June 15, 2021 pretrial conference, SpecSys stipulated to removing these exhibits. This part of Plaintiffs' request is thus moot.

the Court with the documents supporting the summaries so the Court may determine if they properly reflect the underlying documents." *Id.* at 20.

The request is DENIED. As Plaintiffs acknowledge, SpecSys has—as to any summaries based on documents—identified the documents and made them available to Plaintiffs. *See id.* at 20-21; Def.'s Resp. at 21-26. As there is no objection to the admissibility of any underlying document, the Federal Rules of Evidence require no more. *See* Fed. R. Evid. 1006. To the extent that a summary is based in whole or in part on expected testimony, the Court will hear any objection made at trial as to whether the summary is admissible under Federal Rules of Evidence 611 and 1006.[4]

VIII.    *Documents SpecSys Subpoenaed from Cummins*

Plaintiffs seek to exclude certain documents produced by Cummins in response to a subpoena duces tecum. Pls' Mot. at 24-25. SpecSys responds that it has removed all but one of such documents from the latest version of the parties' pretrial report. Def.'s Resp. at 27. Based on SpecSys' representation, only Defendant's Exhibit 666 remains at issue. This exhibit "is an email chain between employees at Cummins and CMI employees." Def.'s Resp. at 27. According to SpecSys, the document was subject to production by CMI, but for whatever reason, was not produced. *Id.* Because the parties "have already stipulated that their own documents comply with the authentication requirements . . . and the business records exception," SpecSys argues, Defendant's Exhibit 666 "should also be admitted into evidence per the parties' stipulation." *Id.*

---

[4] The Court reserves ruling as to the relevancy of any summary.

As neither party submitted a copy of Defendant's Exhibit 666 with its briefing, the Court DENIES this request without prejudice to it being re-urged at a later time.

IX.    *Documents SpecSys Subpoenaed from IFM Efector, Inc.*

Plaintiffs request the exclusion of certain documents produced by IFM Efector, Inc. in response to a subpoena duces tecum. Pls' Mot. at 25. SpecSys responds that it has removed all such documents from the latest version of the parties' pretrial report. Def.'s Resp. at 28.

Accordingly, the request is DENIED as moot.

X.    *Vendor Documents*

Plaintiffs request a ruling that certain documents produced by five of SpecSys' vendors are admissible as business records under Federal Rule of Evidence 803(6). Pls' Mot. at 25-30. More specifically, Plaintiffs ask the Court to rule that the certifications submitted in support of the vendor documents satisfy the requirements of Rules 902(11) and 803(6) of the Federal Rules of Evidence. SpecSys responds that the certifications are deficient because the signatories do not swear that they have "personal knowledge about how the documents were created and maintained." Def.'s Resp. at 29-32.

With each set of documents, an initial declaration was provided by an employee of the vendor, stating in relevant part:

> I hereby certify that I am the custodian of records or other qualified person to assemble and produce said records on behalf of [the vendor]; that the attached records are duplicates of the documents listed in [the subpoena to the vendor]; that the records were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; that the records were kept in the course of

regularly conducted activity; and that the records were made by the regularly conducted activity as a regular practice.

Doc. Nos. 349-24, 349-26, 349-27, 349-28, 349-30. Then, responding to an objection that the initial declarations were not made under penalty of perjury, Plaintiffs obtained for each set of documents a subsequent declaration by an employee of each vendor, stating under penalty of perjury that the initial declaration was "true and correct at the time [it] was signed." Doc. Nos. 349-25, 349-29, 349-31, 349-36, 349-37.

The Court finds that these declarations, taken together, are sufficient to satisfy Rules 902(11) and 803(6) of the Federal Rules of Evidence. To that extent, Plaintiffs' request is GRANTED. The Court reserves ruling as to whether any particular exhibit is otherwise admissible.

## XI. RVI Documents

Plaintiffs ask the Court to predetermine the admissibility of certain documents produced by RVI, Inc. in response to a subpoena duces tecum. Pls' Mot. at 31. During the June 15, 2021 pretrial conference, the parties represented that they have reached an agreement with respect to the admissibility of these documents.

Accordingly, the request is DENIED as moot.

## XII. Evidence Offered to Interpret, Modify, Vary, or Supersede the Purchase Orders

Plaintiffs seek to exclude evidence offered to interpret the Purchase Orders and/or to show that the Purchase Orders may have been modified, varied, or superseded by oral agreement of the parties. Pls' Mot. at 31-33. Plaintiffs contend such evidence is impermissible because the Purchase Orders are unambiguous. *Id.*

The Court finds that this request raises legal issues that have not been adequately addressed by the parties. As to contract interpretation, the Court notes that contrary to Plaintiffs' assertion, there has been no ruling that any of the Purchase Orders at issue are unambiguous; indeed, the Court has ruled that at least one Purchase Order is ambiguous as to the scope of work undertaken. *See* Order of May 28 (Doc. No. 341) at 9. "If a contract is ambiguous, extrinsic evidence is admissible to resolve the ambiguity." *Otis Elevator Co. v. Midland Red Oak Realty, Inc.*, 483 F.3d 1095, 1102 (10th Cir. 2007). As to modification, the question may be affected by whether a particular Purchase Order is governed by common law or the Uniform Commercial Code. The parties should be prepared to address these issues prior to introduction of any subject evidence.

XIII. *Miscellaneous Requests*

In conjunction with their motions in limine, Plaintiffs make a number of miscellaneous requests. First, Plaintiffs ask that the Court conduct a hearing prior to allowing SpecSys to present evidence of settlement negotiations. Pls' Mot. at 18-19. The request for a hearing is DENIED. However, any party who wishes to elicit testimony or present evidence about settlement negotiations shall request a sidebar with the Court prior to referencing these matters before the jury.

Second, Plaintiffs request a voir dire examination of Kevin Wald to determine the scope of his personal knowledge. Pls' Mot. at 23-24. To the extent Plaintiffs request the Court to conduct a voir dire examination, the request is DENIED. Plaintiffs' counsel may conduct such an examination at their option.

Finally, Plaintiffs request a ruling that SpecSys has waived any objections to

11

Plaintiffs' exhibits that are not asserted in the final pretrial report. Pls' Mot. at 17-18. This request is DENIED. Each party shall be permitted to raise objections, regardless of whether such objections are listed in the final pretrial report, based on how the evidence is used.

## CONCLUSION

For the reasons outlined above, Plaintiffs' Motion in Limine (Doc. No. 349) is GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED this 18th day of June, 2021.

_____
CHARLES B. GOODWIN
United States District Judge