# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CMI ROADBUILDING, INC., and <br> CMI ROADBUILDING, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> SPECSYS, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Case No. CIV-18-1245-G <br> ) <br> ) <br> ) <br> ) |

# ORDER

Now before the Court is the parties' Second Amended Final Pretrial Report ("Final Pretrial Report"). *See* Doc. No. 381. Plaintiffs have filed Objections (Doc. No. 404), to which SpecSys has responded (Doc. No. 407). For the reasons set forth below, the Court overrules Plaintiffs' objections and approves and adopts the Final Pretrial Report. *See* LCvR 16.1(c)(2).

Plaintiffs first complain that SpecSys fails to sufficiently "identify the factual basis of its Counterclaim" and asks the Court to "either require [SpecSys] to properly set forth its contentions in the Final Pretrial Report or preclude [SpecSys] from presenting evidence as to the omitted contentions." Pls' Objections (Doc. No. 404) at 1-3. To support its position, Plaintiffs rely on cases rejecting a litigant's attempt to advance *claims* or *legal theories* that were omitted from the final pretrial order. *See Wilson v. Muckala*, 303 F.3d 1207, 1216 (10th Cir. 2002) (reversing liability verdict on claim for negligent infliction of emotion distress, where such claim was omitted from the final pretrial order); *Rios v. Bigler*, 67 F.3d 1543, 1549 (10th Cir. 1995) (holding that the district court properly

refused to instruct the jury on the theory of loss of chance of recovery where plaintiff "failed to set forth [such] theory in the pretrial order"); *Warner v. Floyd*, No. 16-4143, 2018 WL 9810846, at *2 (D. Kan. Feb. 28, 2018) (rejecting plaintiff's attempt to recover under negligence theories that were "not mentioned in the final pretrial order"). Plaintiffs do not, however, direct the Court to any authority supporting the proposition that a party waives *factual matter* that is omitted from the final pretrial report. Requiring litigants to delineate their legal contentions in the pretrial report advances the purpose of Rule 16, which is "to clarify the real nature of the dispute at issue." *Rios*, 67 F.3d at 1549 (citations and internal quotation marks omitted). Because those concerns are not present with respect to factual contentions, Plaintiffs' objection is OVERRULED. *See Hammad v. Bombardier Learjet, Inc.*, 192 F. Supp. 2d 1222, 1236 (D. Kan. 2002) (rejecting defendant's argument that plaintiff's failure to include certain facts in the pretrial order barred their consideration at trial). *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002) (explaining that "*claims*, *issues*, *defenses*, or *theories of damages*" are waived if not included in the pretrial order) (emphasis added).

Plaintiffs further contend that any objections not included by SpecSys in the Pretrial Report should be deemed waived.[1] Pls' Objections at 3-4. Plaintiffs' objection is OVERRULED. As stated in the Court's Order of June 18, 2021, each party shall be permitted to raise objections, regardless of whether such objections are listed in the Final

---

[1] Specifically, Plaintiffs take issue with the following statement in the Final Pretrial Report: "Defendant reserves the right to supplement objections and to object to Exhibits based on how Plaintiffs use them at trial." Doc. No. 381 at 31.

Pretrial Report, based on how the evidence is used during trial. Order of June 18, 2021 (Doc. No. 411) at 12.

It is therefore ORDERERD that the Second Amended Final Pretrial Report (Doc. No. 381) is APPROVED and ADOPTED by the Court to serve as the Final Pretrial Order for the trial of this matter.[2]

IT IS SO ORDERED this 1st day of July, 2021.

CHARLES B. GOODWIN
United States District Judge

---

[2] This approval does not constitute a determination that all of the issues alluded to in the Final Pretrial Report are, in fact, live issues for resolution by the Court and jury at the trial of this case.