# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CMI ROADBUILDING, INC. and<br>CMI ROADBUILDING LTD., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **Case No. CIV-18-1245-G** |
| | ) | |
| SPECSYS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Now before the Court are three postjudgment motions filed by Defendant SpecSys, Inc. ("SpecSys"): (1) a Renewed Motion for Judgment as a Matter of Law on the Jury's Award to CMI for Common Law Conversion (Doc. No. 480); (2) a Renewed Motion for Judgment as a Matter of Law, or in the Alternative, Motion for New Trial on the Jury's Award to CMI for Purchase Order 17580 (Doc. No. 481); and (3) a Motion for Judgment as a Matter of Law, or in the Alternative, Motion for New Trial on Purchase Order 20501 (Doc. No. 482). Plaintiffs CMI Roadbuilding, Inc. ("CMI") and CMI Roadbuilding Ltd. have submitted a response in opposition to each of these motions (Doc. Nos. 510, 511, 512). Defendant has submitted a reply in support of its Renewed Motion for Judgment as a Matter of Law on the Jury's Award to CMI for Common Law Conversion (Doc. No. 513) and a reply in support of its Motion for Judgment as a Matter of Law, or in the Alternative,

for New Trial on Purchase Order 20501 (Doc. No. 514).  Having reviewed the parties'
submissions, the Court makes its determination.

    *I.    Background*

    On July 6, 2021, this matter proceeded to jury trial for determination of Plaintiffs'
state-law claims for breach of contract and conversion and Defendant's state-law breach-
of-contract counterclaims.  *See* Min. Entry of July 6, 2021 (Doc. No. 434).  As relevant
here, each party contended that the other was liable for breach of Purchase Order 20501
("PO 20501") and Purchase Order 17580 ("PO 17580").  *See* Second Am. Final Pretrial R.
(Doc. No. 381) at 25-26, 30; Jury Instr. No. 15 (Doc. No. 468).  With respect to conversion,
Plaintiffs contended that Defendant had retained possession of various materials and
component parts allegedly purchased by Plaintiff CMI for assembly of TR-4 machines by
Defendant (the "CMI-Provided Parts") pursuant to PO 17580.  *See* Jury Instr. No. 13.

    At the close of Plaintiffs' case, Defendant presented a motion for judgment as a
matter of law on Plaintiffs' claims pursuant to Rule 50(a) of the Federal Rules of Civil
Procedure.  The Court denied the motion except as to an unrelated issue.  *See* July 12, 2021

Trial Tr. (Doc. No. 501) at 4:18-25:16; July 15, 2021 Trial Tr. (Doc. No. 499) at 5:8-11;

July 16, 2021 Trial Tr. at 4:16-20:5.

Following the close of all the evidence, the parties presented additional Rule 50

arguments, which were denied.  *See* July 15, 2021 Trial Tr. at 5:2-47:7; July 16, 2021 Trial

Tr. at 4:10-20:5.[1]

Prior to submission of the case to the jury, the Court informed the parties of its

proposed jury instructions and verdict form by providing them copies of those documents.

Pursuant to Federal Rule of Civil Procedure 51(b)(2), the Court inquired on the record

whether any party objected to the proposed jury instructions or verdict form or requested

additional instructions or modifications to the verdict form.   During this conference,

although Defendant presented several unrelated objections to the Court regarding the final

jury instructions, Defendant did not object to the final verdict form or propose any changes

to that form.  *See* July 16, 2021 Trial Tr. at 9:1-15:25, 16:14-29:6.

The jury returned a verdict on July 19, 2021, in favor of Plaintiffs on certain claims

and in favor of Defendant on certain claims.  As relevant here, the jury found as follows:

(1) both Plaintiff CMI and Defendant were liable for breach of PO 17580; (2) Defendant

was liable for breach of PO 20501; and (3) Defendant was liable for conversion.  *See*

Verdict Form at 1-6.  The jury awarded damages as follows: (1) regarding the parties'

breach of PO 17580, the jury awarded Plaintiff CMI $1,500,000.00 for Defendant's breach

---

[1] Although these arguments are referred to in the transcript as "Rule 50(b) motions," they were presented and ruled upon prior to submission of the case to the jury.

and awarded Defendant $500,000.00 for Plaintiff CMI's breach; (2) regarding Defendant's breach of PO 20501, the jury awarded Plaintiff CMI $1.00 in damages; and (3) regarding Plaintiff CMI's claim for conversion, the jury awarded Plaintiff CMI $625,000.00. *See id.* Neither Plaintiffs nor Defendant objected to the verdict after it was read in open court or elected to inspect the verdict form prior to discharge of the jury. *See* July 19, 2021 Trial Tr. (Doc. No. 502) at 7:22-8:6, 9:16-22.

On July 22, 2021, the Court entered judgment in accordance with the jury's verdict. *See* J. (Doc. No. 476) at 1-2. Defendant now renews its motion for judgment as a matter of law post verdict pursuant to Federal Rule of Civil Procedure 50(b) on the claims discussed above. Alternatively, Defendant seeks (1) a reduction of the jury's award on Plaintiff CMI's claim for breach of PO 17580 or a new trial on that claim pursuant to Federal Rule of Civil Procedure 59(a)(1)(A), and (2) a new trial on Defendant's counterclaim for breach of PO 20501 pursuant to Federal Rule of Civil Procedure 59(a)(1)(A).

II.    *Defendant's Renewed Motions for Judgment as a Matter of Law*

A.   Applicable Legal Standards

A party may renew its motion for judgment as a matter of law within 28 days after the entry of judgment. *See* Fed. R. Civ. P. 50(b).

> The relevant standard is a continuation from Rule 50(a), which provides that "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary

> basis to find for the party on that issue," the Court may then "resolve the issue against the party" and "grant a motion for judgment as a matter of law."

*Lott v. City of Okla. City*, No. CIV-18-1176-PRW, 2022 WL 1275648, at *1 (W.D. Okla. Apr. 28, 2022) (alteration in original) (quoting Fed. R. Civ. P. 50(a)). "Judgment as a matter of law is appropriate only if the evidence points but one way and is susceptible to no reasonable inferences which may support the nonmoving party's position." *Elm Ridge Expl. Co. v. Engle*, 721 F.3d 1199, 1216 (10th Cir. 2013) (internal quotation marks omitted).

In evaluating a Rule 50(b) motion, the Court must not "weigh the evidence, pass on the credibility of the witnesses, or substitute [its] conclusions for that of the jury." *Kelly v. Metallics W., Inc.*, 410 F.3d 670, 674 (10th Cir. 2005) (internal quotation marks omitted). The Court must also draw "all reasonable inferences in favor of the nonmoving party." *In re Cox Enters., Inc. Set-Top Cable Television Box Antitrust Litig.*, 871 F.3d 1093, 1096 (10th Cir. 2017). Finally, "when deciding Rule 50(b) motions, district courts are generally . . . limited to granting judgment as a matter of law only on grounds a party previously raised in a Rule 50(a) motion." *Mountain Dudes v. Split Rock Holdings, Inc.*, 946 F.3d 1122, 1130 (10th Cir. 2019); *see also United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1228 (10th Cir. 2000) ("A party may not circumvent Rule 50(a) by raising

for the first time in a post-trial motion issues not raised in an earlier motion for directed verdict.").

### B. Discussion

Defendant moves for entry of judgment as a matter of law on Plaintiff CMI's conversion claim, Plaintiff CMI's claim for breach of PO 17580, and Defendant's counterclaim for breach of PO 20501 (the "PO 20501 Counterclaim").  The Court addresses each request in turn.

      1.  Defendant's Request for Judgment as a Matter of Law on Plaintiff CMI's Conversion Claim

Defendant requests that the jury's finding of Defendant's liability and award of damages to Plaintiff CMI on the conversion claim "be vacated and held for naught" pursuant to Federal Rule of Civil Procedure 50(b).  *See* Def.'s Renewed Mot. re Conversion (Doc. No. 480) at 4.[2]  Specifically, Defendant argues that it is entitled to judgment as a matter of law on Plaintiff CMI's claim for conversion based upon: (1) the Court's finding on summary judgment assertedly determining "as a matter of law" that Defendant "ha[d] the lawful right to withhold delivery of the goods in question"; and (2) the jury's finding that Plaintiff CMI had breached the relevant purchase order.  *Id.* at 1-2, 3-4.

Defendant did move for a directed verdict on the conversion claim during trial; however, its argument primarily rested upon a lien theory rather than any fundamental

---

[2] Defendant does not present "an alternative or joint request for a new trial" under Federal Rule of Civil Procedure 59 in its Renewed Motion, as permitted by Rule 50(b).  Fed. R. Civ. P. 50(b); *see id.* R. 59(a); Def.'s Renewed Mot. re Conversion at 1-4.  And while Defendant's Reply cites Federal Rule of Civil Procedure 49(b)(3), Defendant has not filed a motion for relief pursuant to that Rule.  *See* Def.'s Reply (Doc. No. 513) at 1-2.

inconsistency between Defendant's liability for conversion and Plaintiff CMI's liability for breach of PO 17580.  *See* July 12, 2021 Trial Tr. at 16:22-17:4 (Defendant arguing that it retained a possessory lien over the disputed parts); *see also id.* at 18:22-19:3; July 15, 2021 Trial Tr. at 20:2-24 (Plaintiff CMI objecting that Defendant would only have a lien over certain parts and that Defendant had not presented evidence as to which parts could be subject to such a lien).  "Arguments presented in a Rule 50(b) motion cannot be considered if not initially asserted in a Rule 50(a) motion."  *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1255 (10th Cir. 2017).  But even assuming that Defendant's arguments regarding the conversion claim were adequately presented under Rule 50(a), allowing the Court to now consider them under Rule 50(b), Defendant has not shown that "a reasonable jury would not have a legally sufficient evidentiary basis to find for [Plaintiff CMI]" on the conversion claim.  Fed. R. Civ. P. 50(a)(1).

To begin, Defendant's argument regarding the Court's summary judgment order is meritless.  Contrary to Defendant's assertion, the Court did not previously determine that Defendant had the right to retain the CMI-Provided Parts as a matter of law.  Rather, the Court granted Defendant's motion for summary judgment insofar as denying Plaintiff CMI's request for injunctive relief as to the CMI-Provided Parts, finding that an award of monetary damages would adequately compensate Plaintiff CMI if it prevailed on its conversion claim.  *See* Order of May 28, 2021 (Doc. No. 333) at 29-30.

Defendant also argues that it is "impossible" under the Court's jury instructions for the jury to have both found in favor of Defendant regarding Plaintiff CMI's breach of PO 17580 and found in favor of Plaintiff CMI on the related conversion claim, despite these

findings being reflected in the Verdict Form.  *See* Def.'s Renewed Mot. re Conversion at 2-3 (citing Jury Instr. No. 27).  But the jury did not find solely in Defendant's favor with regard to PO 17580: in addition to finding that Plaintiff CMI had breached that agreement by "failing to make a payment when due and/or by repudiating the contract[] in whole or in part," the jury found that Defendant also had breached the same agreement by "not do[ing] what it promised to do in the contract."  Jury Instr. Nos. 15, 27.

More significantly, the jury was instructed that if it found Plaintiff CMI breached PO 17580, "then [Defendant] was entitled to withhold delivery of *the items directly affected by the breach* pending payment by CMI."  *Id.* No. 27 (emphasis added).  Plaintiff CMI's conversion claim was premised upon Defendant's intentional retention of the CMI-Provided Parts.  *See id.* No. 13 ("You may not return a verdict in favor of CMI Inc. for conversion of any property other than the CMI-Provided Parts.").  Plaintiff CMI notes that the Court had found a genuine dispute as to "whether and to what extent the [CMI-Provided Parts] were incorporated into the TR-4 machines" that were to be assembled by Defendant pursuant to PO 17580.  Order of May 28, 2021, at 17; *see* Pl.'s Resp. re Conversion (Doc. No. 512) at 6.  Further, according to Plaintiff CMI:

> [CMI] presented . . . testimony . . . that it supplied over $600,000 worth of parts.  [CMI] showed the parts had not been returned by SpecSys.  SpecSys did not challenge this evidence.  And SpecSys did not present any evidence demonstrating what parts were used upon TR-4 unit one and unit two.

Pls.' Resp. re Conversion at 11.

Stated differently, Plaintiff CMI's contention is that the jury reasonably could have found *both* that Plaintiff CMI breached PO 17580 by repudiating the contract or failing to

make payment *and* that Defendant intentionally retained possession of the CMI-Provided Parts in a manner that was inconsistent with Plaintiff CMI's ownership rights. Plaintiff CMI contends that the evidence showed that Defendant was in possession of the CMI-Provided Parts but that Defendant did not establish which of those parts had been used for the TR-4 assembly—and thus could be viewed as "directly affected by" Plaintiff CMI's breach and properly withheld by Defendant—and which were "in storage" and not so used (and therefore not "directly affected by the breach," and therefore not entitled to be withheld by Defendant). *Id.* at 5-6, 8, 11-12; *see also* July 15, 2021 Trial Tr. at 20:16-20 (Plaintiff CMI arguing that Defendant had "presented no justifiable reason for retaining all the components furnished by CMI"). Plaintiff CMI thus argues that because Defendant "presented no evidence whatsoever to demonstrate what items were directly affected by the breach, the jury correctly followed the instructions" in finding Defendant liable for conversion and awarding Plaintiff CMI damages of $625,000.00 on that claim. Pls.' Resp. re Conversion at 8.

Defendant neither disputes Plaintiff CMI's characterization of the evidence that was presented to the jury nor points the Court to any trial evidence or on-point authority to support its own argument. Defendant therefore has not established that the two jury findings are mutually exclusive and has not shown that "the evidence conclusively favors [Defendant] such that reasonable [people] could not arrive at a contrary verdict." *Bill Barrett Corp. v. YMC Royalty Co.*, 918 F.3d 760, 766 (10th Cir. 2019) (internal quotation

marks omitted).  Defendant thus has not shown it is entitled to judgment as a matter of law on Plaintiff CMI's conversion claim pursuant to Federal Rule of Civil Procedure 50(b).

        2.   Defendant's Request for Judgment as a Matter of Law on Plaintiff CMI's Claim for Breach of PO 17580

Defendant next renews its motion for judgment as a matter of law regarding Plaintiff CMI's claim for breach of PO 17580.  Specifically, Defendant argues that it is entitled to judgment as a matter of law because (1) the jury must have made an error in calculating damages for breach of PO 17580; and (2) the evidence showed that Plaintiff CMI made no attempt to mitigate its damages incurred as a result of breach of PO 17580.  *See* Def.'s Renewed Mot. re PO 17580 (Doc. No. 481) at 3-7.

        *a.  Jury Error Regarding Calculation of Damages*

Defendant first argues that the Court should vacate or reduce the jury's $1.5 million award to Plaintiff CMI because the jury misunderstood or failed to follow the Court's instruction regarding the calculation of any damages recoverable by Plaintiff CMI for Defendant's breach of PO 17580.  *See id.* at 3-5 (citing Jury Instr. No. 36).  Specifically, Defendant claims that the jury did not perform the calculation prescribed for measurement of damages by Jury Instruction No. 36 because the award was a "perfectly round number." *Id.* at 4.[3]  Defendant's complaint about jury confusion and its request for reduction of the

---

[3] Defendant's miscalculation argument does not address Instruction No. 29, which states:

UNCERTAINTY AS TO FACT OR AMOUNT OF DAMAGES

    In order to award damages to a party, you must be satisfied by the greater weight of the evidence that it did in fact suffer a loss which was caused by the breach. Once you are satisfied that the party did suffer such a loss, you should award damages even if you are uncertain as to the exact amount.  The amount of damages does not

award were not and could not have been raised to the Court pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 50(a)(2) (prescribing that a motion for judgment as a matter of law may be "before the case is submitted to the jury"). Because "[a]rguments presented in a Rule 50(b) motion cannot be considered if not initially asserted in a Rule 50(a) motion," the Court denies the Renewed Motion to the extent it seeks relief under Rule 50(b). *Perez*, 847 F.3d at 1255.

### b.   Plaintiff CMI's Failure to Mitigate

Relatedly, Defendant argues that the $1.5 million damages award to Plaintiff CMI should be vacated due to Plaintiff CMI's failure to mitigate its losses on PO 17580. *See* Def.'s Renewed Mot. re PO 17580, at 1-2, 5-7. More specifically, Defendant's contention is that because there was no evidence presented that Plaintiff CMI "even *attempted* reasonable mitigation," and such mitigation "would have clearly avoided damages," the Court should enter judgment vacating the damages award in its entirety. *Id.* at 6.

Defendant did seek judgment as a matter of law on the relevant contract claim pursuant to Rule 50(a) based upon Plaintiff CMI's alleged failure to mitigate its damages. *See* July 12, 2021 Trial Tr. at 5:5-7:1, 11:10-15; July 15, 2021 Trial Tr. at 5:12-6:2, 9:4-12, 9:20-10:25, 12:2, 33:21-34:13. The Court finds, though, that Defendant has not shown that "the evidence conclusively favors [Defendant] such that reasonable [people] could not

---

have to be proved with mathematical certainty, but there must be a reasonable basis for the award.

Jury Instr. No. 29.

arrive at a contrary verdict." *Bill Barrett Corp.*, 918 F.3d at 766 (internal quotation marks omitted).

First, as argued by Plaintiff CMI, any failure to mitigate on its part does "not entirely defeat recovery": "[t]he failure to mitigate damages is an 'incomplete' affirmative defense" that "goes only to the amount of damages the injured party may recover." *Sabine Corp. v. ONG W., Inc.*, 725 F. Supp. 1157, 1186 (W.D. Okla. 1989) (citing *Consol. Cut Stone Co. v. Seidenbach*, 75 P.2d 442, 451 (Okla. 1937)); *see* Pls.' Resp. re PO 17850 (Doc. No. 510) at 2-4.  Accordingly, Plaintiff CMI's alleged failure to mitigate does not warrant vacatur of either the liability finding or the damages award.

Further, it was Defendant's burden to prove that Plaintiff CMI failed to mitigate damages by the preponderance of the evidence.  *See* Jury Instr. No. 31.  The jury was instructed:

MITIGATION OF DAMAGES

It is the duty of any person who has been injured to use reasonable diligence and reasonable means, under the circumstances, in order to prevent the aggravation of such injuries and to pursue a recovery from such injuries. Accordingly, a party to a contract must make every reasonable effort to minimize or reduce its damages flowing from the other party's breach.  This is referred to as "mitigation of damages."  A party asserting failure to mitigate damages has the duty to prove failure to mitigate damages by the preponderance of the evidence.

If you should find that either SpecSys and/or CMI Inc. failed to mitigate its damages flowing from the other party's breach of contract, then you should reduce the amount of damages by the amount that could reasonably have been avoided.

*Id*.  Whether a party mitigated his damages and, "if not, how much his damage was enhanced by his failure to do so are questions of fact to be determined by a jury, or by the

12

court in a trial without a jury." *Seidenbach*, 75 P.2d at 451 (internal quotation marks omitted).  The jury is presumed to have understood and followed the Court's instructions. *See United States v. Poole*, 545 F.3d 916, 921 (10th Cir. 2008).  And while Defendant contends that there was a lack of evidence as to mitigation efforts by Plaintiff CMI, CMI objects that Defendant failed to present any evidence to prove that the types of mitigation cited in Defendant's Motion were even possible or how such efforts actually would have reduced Plaintiff CMI's losses.  *See* Pls.' Resp. re PO 17580, at 4-6.  Defendant did not file a reply and therefore offers no counterargument to Plaintiff CMI's contention.

For all these reasons, Defendant has not established that "the evidence points but one way and is susceptible to no reasonable inferences which may support the nonmoving party's position."  *Elm Ridge Expl. Co.*, 721 F.3d at 1216 (internal quotation marks omitted).  The Court therefore concludes that there is no basis under Rule 50(b) to enter judgment as a matter of law against Plaintiff CMI on its PO 17580 breach claim as to either liability or damages.

### 3. Defendant's Request for Judgment as a Matter of Law Regarding Its Counterclaim for Breach of PO 20501

As discussed below, Defendant argues that a new trial should be granted on its counterclaim for breach of PO 20501 because that counterclaim was erroneously omitted from the final verdict form.  *See* Def.'s Mot. re PO 20501 (Doc. No. 482) at 1-2, 3. Defendant also argues that it is entitled to judgment as a matter of law under Rule 50(b) on the PO 20501 Counterclaim, and that the Court should direct a damages award of

$142,194.97, in light of Defendant's "unchallenged work on Purchase Order 20501 and CMI's non-payment in the amount of $142,194.97." Def.'s Mot. re PO 20501, at 3.

Defendant moved for judgment as a matter of law under Rule 50(a) on *Plaintiff CMI's claim* for Defendant's breach of PO 20501. *See* July 12, 2022 Trial Tr. at 4:25-5:2, 7:2-9:4; July 15, 2021 Trial Tr. at 5:12-18, 7:4-8:20, 11:1-9, 11:17-21, 13:20-14:8.  But Defendant did not move for judgment as a matter of law under Rule 50(a) on *Defendant's PO 20501 Counterclaim*. Because "[a]rguments presented in a Rule 50(b) motion cannot be considered if not initially asserted in a Rule 50(a) motion," the Court denies Defendant's Motion regarding its PO 20501 Counterclaim to the extent it seeks relief under Rule 50(b). *Perez*, 847 F.3d at 1255.

III.    *Defendant's Motions for a New Trial*

A. Applicable Legal Standards

Under Federal Rule of Civil Procedure 59(a)(1)(A), "[t]he court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1). "The decision whether to grant a new trial is committed to the informed discretion of the district court." *Ryder v. City of Topeka*, 814 F.2d 1412, 1424 (10th Cir. 1987) (internal quotation marks omitted). In considering a Rule 59(a) motion for new trial, the Court must view the evidence in the light most favorable to the prevailing party. *See White v. Conoco, Inc.*, 710 F.2d 1442, 1443 (10th Cir. 1983). The party seeking a new trial or remittitur bears the "heavy burden of demonstrating that the verdict was clearly, decidedly, or overwhelmingly against the weight of the evidence." *Blanke v. Alexander*,

152 F.3d 1224, 1236 (10th Cir. 1998) (internal quotation marks omitted). "The Court 'may only set aside the jury's verdict when it concludes the verdict to be against the great weight of the evidence' or 'prejudicial error has entered into the record.'" *Brown v. Elephant Talk N. Am. Corp.*, No. CIV-18-902-PRW, 2021 WL 5919366, at *1 (W.D. Okla. Oct. 7, 2021) (quoting *Turnbull v. Mo. Pac. R. Co*., No. CIV-90-1432-R, 1991 WL 544257, at *1 (W.D. Okla. Dec. 10, 1991)).

Remittitur is "[t]he process by which a court requires either that the case be retried, or that the damages awarded by the jury be reduced." *Black's Law Dictionary* (11th ed. 2019). "To determine whether remittitur is appropriate, courts must evaluate whether the evidence supports the verdict." *Burke v. Regalado*, 935 F.3d 960, 1035 (10th Cir. 2019).

> "It is a fundamental legal principle that the determination of the quantum of damages in civil cases is a fact-finder's function. The trier of the facts, who has the first-handed opportunity to hear the testimony and to observe the demeanor of the witnesses, is clothed with a wide latitude and discretion in fixing damages, pursuant to the court's instructions, deemed proper to fairly compensate the injured party." *Bennett v. Longacre*, 774 F.2d 1024, 1028 (10th Cir. 1985). Thus, in all but the most extreme and unusual circumstances, a jury's award of damages on a duly entered verdict is inviolate. [*Blanke*, 152 F.3d at 1236.] The movant's burden is accordingly a heavy one. *Murphy Oil USA, Inc. v. Wood*, 438 F.3d 1008, 1021 (10th Cir. 2006).

*Jackson v. Potter*, 587 F. Supp. 2d 1197, 1198 (D. Colo. 2008). The jury's award must stand "unless it is 'so excessive as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice, corruption, or other improper cause invaded

the trial.'"  *Osterhout v. Bd. of Cnty. Comm'rs of LeFlore Cnty.*, 10 F.4th 978, 996 (10th Cir. 2021) (internal quotation marks omitted).

   B. <u>Discussion</u>

  Defendant makes an alternative request for a new trial on Plaintiff CMI's claim for breach of PO 17580 and Defendant's counterclaim for breach of PO 20501.  Defendant also argues for reduction of the jury's award for Plaintiff CMI's claim for breach of PO 17580.  The Court considers each argument below, turning first to Defendant's arguments regarding Plaintiff CMI's claim for breach of PO 17580.

    1. Defendant's Request for a New Trial or Remittitur on Plaintiff CMI's Claim for Breach of PO 17580

  In its post-verdict Motion regarding PO 17580, Defendant states, "[i]f the Court is unwilling to vacate or reduce CMI's award under Purchase Order 17580 by $1,000,000.00 for Units 3 and 4, then in the alternative, [Defendant] requests a new trial under Rule 59." Def.'s Renewed Mot. re PO 17580, at 8.  In support of its request for a new trial or remittitur, Defendant argues (1) that it was prevented "from properly testing the sufficiency of CMI's claim that it lost profits" due to a pretrial in-limine ruling, and (2) that there is insufficient evidence to support the $1.5 million award.  *Id.* at 7-8.

     *a. In-limine Ruling*

  In a pretrial ruling, the Court granted the request by Plaintiffs to exclude evidence of Plaintiffs' financial condition, concluding that "such evidence is highly prejudicial and is likely to confuse the material issue of whether the contracts were breached with the immaterial issue of why the contracts may have been breached (if, in fact, they were).  *See*

Fed. R. Evid. 403." Order of June 18, 2021 (Doc. No. 411) at 6; *see* Pls.' Mot. in Limine (Doc. No. 349).

Defendant contends that this ruling precluded it from "inquir[ing] about the past financial condition of CMI" and therefore "prevented [Defendant] from properly testing the sufficiency of CMI's claim that it lost profits." Def.'s Renewed Mot. re PO 17580, at 8. "As a result, there is no evidence that CMI's mobile division has ever turned a profit, was capable of turning a profit, or [that] CMI was capable of completing its contractual obligations." *Id.* Defendant offers no specific reason that the Court's determination was erroneous or improper, however, beyond its own unhappiness with the amount of the jury's damages award. Accordingly, Defendant fails to show "prejudicial error" or that the Court "exceeded the bounds of permissible choice in the circumstances," as required for a new trial to be granted. *Nosewicz v. Janosko*, 857 F. App'x 465, 468 (10th Cir. 2021); *Weese v. Schukman*, 98 F.3d 542, 549 (10th Cir. 1996).

### b. *Excessiveness of the Award*

Defendant next contends that there is insufficient evidence to support the $1.5 million award to Plaintiff CMI because, "[e]ven using CMI's own testimony for costs, CMI's damages do not come near the amount awarded by the jury." Def.'s Renewed Mot. re 17850, at 3, 7-8 (citing John West testimony regarding the TR-4 units). Further, Defendant requests that the Court reduce Plaintiff CMI's award under PO 17580 by

$1,000.000.00 for Units 3 and 4, as "CMI never gave [Defendant] permission" to work on those units. *Id.* at 2-3, 8.

The jury was instructed that the measure of damages for Defendant's breach of PO 17580 would be as follows:

> If you find in favor of CMI Inc. on its claim for breach of Purchase Order 17580, CMI Inc. may recover as damages: (1) the difference between the contract price and the market price for the TR-4 machines at the time of the breach, minus any costs that CMI Inc. may have saved as a result of the breach; (2) any reasonable costs resulting from the breach; and (3) any loss - including lost profits – incurred as a consequence of the breach ("Consequential Damages") that meets the standards described below. For this category of Consequential Damages, a loss is only recoverable if you find by a preponderance of the evidence that (a) the loss resulted from general or particular requirements of CMI Inc. which SpecSys had reason to know of at the time the parties entered into Purchase Order 17580, (b) CMI Inc. could not have prevented the loss by entering into a contract or contracts, in good faith and without unreasonable delay, for the completion of TR-4 machines from another manufacturer, and (c) the fact and amount of the loss is reasonably certain.

Jury Instr. No. 36.

As Plaintiff CMI argues, it presented evidence at trial regarding damages incurred due to Defendant's breach of PO 17580. *See* Pls.' Resp. re PO 17580, at 9. PO 17580, dated January 11, 2018, contemplated that Defendant would manufacture and assemble four TR-4 machines for Plaintiff CMI. *See* Pls.' Trial Ex. 15, at 3-4. The total purchase price under PO 17580 was $800,000, comprising $231,152 for the first TR-4 machine and $189,616 for each of the remaining TR-4 machines. *See id.* On July 9, 2021, Plaintiffs' fact and expert witness, John West, head of aftermarket customer services, testified as follows regarding damages resulting from Defendant's breach of PO 17580: (1) Plaintiff CMI anticipated that the base list price for a TR-4 would be $485,000 if not for Defendant's

breach; (2) CMI's competitors sold a machine comparable to the TR-4 for $600,000; (3) CMI anticipated it could have sold 18 TR-4s by the time of trial if not for Defendant's breach; and (4) he expected CMI to have made an average yearly profit of $50,000 per unit from the sale of replacement parts for the TR-4s if not for Defendant's breach.  That same day Sherry Darty, financial controller for CMI Roadbuilding, Inc., OKC, also provided testimony regarding Plaintiff CMI's lost profits following Defendant's breach of PO 17580.  Specifically, Ms. Darty testified: (1) CMI's sales target for the TR-4s was $570,000 per unit; (2) CMI's anticipated cost to produce a TR-4 was approximately $360,000 at the time of trial; and (3) had CMI produced 18 TR-4s as projected absent Defendant's breach, Plaintiff CMI would have realized a net profit of $3,780,000.

The evidence discussed above must be viewed in the light most favorable to Plaintiff CMI.  *See White*, 710 F.2d at 1443.  "The award of damages in civil cases is a fact-finder's function."  *Osterhout*, 10 F.4th at 996 (internal quotation marks omitted).  "The jury has wide latitude to choose an award based on the evidence," *Burke*, 935 F.3d at 1035 (alteration and internal quotation marks omitted), and is presumed to have understood and followed the Court's instructions, *see Poole*, 545 F.3d at 921.  Defendant has not pointed to evidence in the record sufficient to overcome this presumption.  Further, considering the evidence cited above, Defendant has not shown that the jury's verdict on the relevant claim was "clearly, decidedly, or overwhelmingly against the weight of the evidence."  *Blanke*, 152 F.3d at 1236 (internal quotation marks omitted).[4]  Finally, the jury's award was

---

[4] To the extent that Defendant argues that remittitur of the jury's $1.5 million award for breach of PO 17580 is required due to Plaintiff CMI's failure to mitigate, the Court rejects

supported by substantial evidence and does not shock the judicial conscience or appear to be the result of error.  *See Osterhout*, 10 F.4th at 996.  The jury's award of damages in this matter does not necessitate a new trial, and remittitur is not appropriate.

> 2. Defendant's Request for a New Trial on Its Counterclaim for Breach of PO 20501

Defendant also argues that a new trial should be granted on the PO 20501 Counterclaim due to its omission from the final verdict form.  *See* Def.'s Mot. re PO 20501, at 1-2, 3.

Federal Rule of Civil Procedure 51 prescribes that a party who objects to a jury instruction or the failure to give a jury instruction "must do so on the record, stating distinctly the matter objected to and the grounds for the objection."  Fed. R. Civ. P. 51(c)(1).  "The purpose of the specificity requirement is to give the district court an opportunity to correct any mistake before the jury enters its deliberations."  *Johnson v. Unified Gov't of Wyandotte Cnty./Kan. City*, 180 F. Supp. 2d 1192, 1201 (D. Kan. 2001) (applying Rule 51 to review a posttrial motion seeking relief based on alleged errors in the verdict form).

During the course of trial, several "informal" jury instruction conferences were held with the undersigned's law clerk, where the parties were permitted to review and discuss draft versions of the jury instructions and the verdict form.  Then, on July 16, 2021, prior

---

this argument for the reasons discussed previously.  It was Defendant's burden to prove failure to mitigate, and as Plaintiff CMI argues, Defendant failed to present any evidence to prove that the types of mitigation cited in Defendant's Motion were even possible or how such efforts would have reduced Plaintiff CMI's losses.  *See* Pls.' Resp. re PO 17580, at 4-6.

to closing arguments, the Court provided to counsel a set of final jury instructions and a final verdict form that reflected revisions made following these discussions. The final verdict form asked the jury to determine liability and any damages on Plaintiffs' claims and Defendant's counterclaims. *See* Jury Verdict (Doc. No. 474) at 1-9. Plaintiff CMI's claim that Defendant breached PO 20501 was addressed in the final instructions and included on the final verdict form. *See id.* at 3; Jury Instr. Nos. 12, 15. Defendant's counterclaim that Plaintiff CMI breached PO 20501 was addressed in the final instructions but the final verdict form did not expressly reference this counterclaim or provide a space for the jury to determine liability and damages as to this counterclaim. *See* Jury Instr. Nos. 12, 15.

Counsel for all parties acknowledged receiving the final set of instructions and the final verdict form, and they confirmed their readiness to proceed to discuss any objections on the record and out of the hearing of the jury. *See* July 16, 2021 Trial Tr. (Doc. No. 503) at 5:1-6:7. Pursuant to Federal Rule of Civil Procedure 51(b)(2), the Court conducted the "formal" jury instruction conference on the record and out of the presence of the jury. The Court expressly inquired whether any party objected to the proposed jury instructions or verdict form or requested additional instructions be given or modifications to the verdict form be made. Defendant presented several unrelated objections to the Court regarding the final jury instructions but did not object to the final verdict form or propose any changes to that form. *See* July 16, 2021 Trial Tr. at 9:1-15:25, 16:14-29:6.

After the jury had deliberated and returned its verdict, the Court read the verdict in open court and inquired whether any party wished to inspect the verdict form or be heard

on any issue prior to discharge of the jury.  Neither Plaintiffs nor Defendant objected to the verdict or elected to inspect the verdict form prior to discharge of the jury.  *See* July 19, 2021 Trial Tr. (Doc. No. 502) at 7:22-8:6, 9:16-22.

In sum, Defendant failed to object to the verdict form before it was submitted to the jury and failed to raise the omission of a specific determination of Defendant's PO 20501 Counterclaim after the jury's verdict was pronounced and prior to the jury being discharged.  While the Court regrets the omission from the verdict form of an express inquiry about Defendant's PO 20501 Counterclaim, it was Defendant's obligation to raise the issue at a time that corrective action could be taken.  Accordingly, the Court may review the final verdict form only for "plain error."  Fed. R. Civ. P. 51(d)(2); *see, e.g.*, *Johnson*, 180 F. Supp. 2d at 1201-03; *Sanjuan v. IBP, Inc.*, 160 F.3d 1291, 1301 (10th Cir. 1998).  "To establish plain error, one must show (1) error, (2) which is plain, (3) which affects substantial rights, (4) and which seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *First Am. Title Ins. Co. v. Nw. Title Ins. Agency*, 906 F.3d 884, 895 (10th Cir. 2018) (internal quotation marks omitted).   "A court will reverse an instruction under the plain error standard only in 'an exceptional circumstance—one where the error was patently plainly erroneous and prejudicial.'"  *Johnson*, 180 F. Supp. 2d at 1202 (quoting *Giron v. Corr. Corp. of Am.*, 191 F.3d 1281, 1289 (10th Cir. 1999)).

Defendant's perfunctory argument does not reference Rule 51 or the relevant standards.  Instead, Defendant speculates that the jury could have found for Defendant on the counterclaim, citing evidence that was presented at trial that was favorable to Defendant.  *See* Def.'s Mot. re PO 20501, at 2.  Assuming that the error of omitting the PO

20501 Counterclaim from the verdict form was plain, Defendant still "falls well short of establishing the fourth prong—that the error seriously affects the fairness, integrity, or public reputation of judicial [proceedings]." *U.S. Welding, Inc. v. TECSYS, Inc.*, No. 14-cv-00778, 2017 WL 4331061, at *5 (D. Colo. Aug. 24, 2017).   The loss of a possibly meritorious claim "relates to the third prong of plain error review; something more is needed to satisfy the fourth prong." *Somerlott v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144, 1152 (10th Cir. 2012).   "The plain error exception in civil cases 'has been limited to errors which seriously affect the fairness, integrity or public reputation of judicial proceedings'" and is "an extraordinary, nearly insurmountable burden." *U.S. Welding*, 2017 WL 4331061, at *5 (quoting *Polys v. Trans-Colo. Airlines, Inc.*, 941 F.2d 1404, 1408 (10th Cir. 1991)); *accord Johnson*, 180 F. Supp. 2d at 1203 ("[T]he party claiming plain error has the heavy burden of demonstrating fundamental injustice." (internal quotation marks omitted)).   Because Defendant makes no attempt to carry that burden—for example by addressing harm beyond its own or otherwise demonstrating fundamental injustice—Defendant has not shown plain error under Rule 51(d)(2).   Accordingly, a new trial on this basis must be denied.

IV.   *Defendant's Request for Relief Pursuant to Federal Rule of Civil Procedure 49*

Finally, Defendant nominally seeks relief pursuant to Federal Rule of Civil Procedure 49.   *See* Def.'s Reply (Doc. No. 514) at 1-3.   Although most civil jury trials employ a general verdict, "in which the jury finds for the plaintiff or for the defendant," Federal Rule of Civil Procedure 49 "makes available two very different procedures as discretionary alternatives" to such a general verdict: a special verdict as described in Rule

23

49(a) and a general verdict with answers to written questions as described in Rule 49(b).

9B *Federal Practice and Procedure (Wright & Miller)* § 2501 (3d ed.) [hereinafter *FPP*];

*see* Fed. R. Civ. P. 49(a), (b); *see also Toney v. Sullivan*, No. 15-3209, 2022 WL 1044920,

at *2 (D. Kan. Apr. 7, 2022) ("The Federal Rules of Civil Procedure contemplate three

forms of verdicts: the general verdict, the special verdict, and the general verdict with

answers to written questions."); *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1031

(9th Cir. 2003) ("The Federal Rules of Civil Procedure . . . implicitly contemplate common

law general verdicts without interrogatories").

    In its Reply, Defendant invokes both Rule 49(a) and Rule 49(b) and argues that the

Court should enter a new judgment or order a new trial pursuant to those provisions.  *See*

Def.'s Reply at 1-3.  Even assuming this argument may properly be raised via a reply brief,

Rule 49 has no applicability here.  First, to constitute a "special verdict" under Rule 49(a),

the jury must "return *only* . . . a special written finding on each issue of fact," at which

point the court "applies the law to the facts found by the jury" to enter judgment.  Fed. R.

Civ. P. 49(a)(1); *Johnson v. ABLT Trucking Co.*, 412 F.3d 1138, 1142 (10th Cir. 2005).  In

the instant case, the final verdict form required the jury to determine liability and not merely

answer specific questions of fact.  Therefore, it was not a special verdict subject to the

prescriptions of Rule 49(a).  *Johnson*, 412 F.3d at 1142.

    Next, Rule 49(b) provides that "[t]he court may submit to the jury forms for a

general verdict, together with written questions on one or more issues of fact that the jury

must decide."  Fed. R. Civ. P. 49(b)(1).  As referenced above, the final verdict form

required the jury to return multiple general verdicts—that is, for each claim and

counterclaim listed in the verdict form, the jury was asked to "ma[ke] a finding on the ultimate question of liability."  9B *FPP* § 2501; *see also id.* § 2504.1 ("In cases involving multiple claims, theories of liability, plaintiffs, or defendants, the district court may . . . have the jury render multiple general verdicts."); *Johnson*, 412 F.3d at 1142 ("[A] general verdict . . . requires the jury to announce the ultimate legal result of each claim." (internal quotation marks omitted)).   Then, for each prevailing claim and counterclaim, the final verdict form required the jury to determine damages in accordance with the jury instructions.  *See* Jury Verdict at 1-9.

Defendant cites no authority to support its suggestion that these damages questions render the verdict subject to Federal Rule of Civil Procedure 49(b).  A fellow district court has recently examined the issue and held to the contrary:

> According to Toney, the first question on the Verdict—asking which party the jury found in favor of on Toney's claim—was a general verdict, and the second question on the Verdict—what damages were sustained by Toney— was a separate question of fact, converting the verdict into a "general verdict with answers to written questions." . . . .
>
> . . . .
>
> The Tenth Circuit has not addressed the issue before the Court—whether the inclusion of a question asking the amount of damages sustained by the plaintiff converts a general verdict to a general verdict with written questions. Other courts that have addressed the issue, however, have concluded that it does not.  In *Zhang*, the Ninth Circuit held that "in a general verdict the jury announces only the prevailing party on a particular claim, and *may announce damages*."  Similarly, in *Turyna*, the Seventh Circuit held that, "[a]lthough the amount of damages is an issue of fact, this fact is specifically determined by the jury even under a general verdict form.  Asking only this question cannot transform a general verdict into one under Rule 49(b)."  The verdict in *Turyna* asked which party prevailed on each of the plaintiff's three claims and the amount of damages to be awarded.  The Seventh Circuit explained that this verdict was a general verdict and not a general verdict with answers

> to written questions because the "jury was never asked any particular factual questions about the case, and Rule 49(b) plainly states that the written interrogatories must be 'upon one or more issues of fact the decision of which is necessary to a verdict.'"
>
>      The Court agrees with the Ninth and Seventh Circuits and concludes that the Verdict in this case is a general verdict.  The Verdict announces the ultimate legal result of Toney's claim.  The fact that it also asks the amount of damages Toney sustained does not convert it into a general verdict with answers to written questions.  This conclusion is consistent with the purpose behind Rule 49(b).  "The purpose of interrogatories is to give the parties an opportunity to ascertain whether the jury has understood and applied the law to the proven facts. The interrogatories, under federal practice, should elicit facts . . . ."  The Verdict did not ask the jury any particular factual questions about the case.  Therefore, it is a general verdict . . . .

*Toney*, 2022 WL 1044920, at *2 (alteration and third omission in original) (footnotes omitted) (citing *Zhang*, 339 F.3d at 1031; *Turyna v. Martam Constr. Co.*, 83 F.3d 178, 182-83 (7th Cir. 1996)).  The Court finds this reasoning persuasive and thus concludes that the final verdict form did not include "written questions" on "issues of fact" that would implicate Rule 49(b).  Fed. R. Civ. P. 49(b)(1); *see also Zhang*, 339 F.3d at 1031-32 (explaining that a jury may be asked to make "a subsidiary legal conclusion," such as "the amount of damages owed," that is not a "finding[] of fact").

Accordingly, even assuming Defendant's arguments based on Rule 49 were not waived due to lack of any contemporaneous objection to the verdict form or verdict by Defendant,[5] the Court finds that neither of the alternative procedures contemplated in those

---

[5] *See Oja v. Howmedica, Inc.*, 111 F.3d 782, 790 (10th Cir. 1997) ("A party's failure to object to a general jury verdict on the ground of inconsistency before the jury is discharged constitutes waiver, unless the verdict is inconsistent on its face such that entry of judgment upon the verdict is plain error."); Pls.' Resp. re PO 20501, at 7-10.

provisions was employed in this matter and, therefore, Defendant's request for relief is unavailing.

CONCLUSION

For the foregoing reasons, Defendant SpecSys' Renewed Motion for Judgment as a Matter of Law on the Jury's Award to CMI for Common Law Conversion (Doc. No. 480); Renewed Motion for Judgment as a Matter of Law, or in the Alternative, Motion for New Trial on the Jury's Award to CMI for Purchase Order 17580 (Doc. No. 481); and Motion for Judgment as a Matter of Law, or in the Alternative, Motion for New Trial on Purchase Order 20501 (Doc. No. 482) are DENIED.

IT IS SO ORDERED this 29th day of January, 2024.

CHARLES B. GOODWIN
United States District Judge