UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CMI ROADBUILDING, INC.** and **CMI ROADBUILDING LTD.,** | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. CIV-18-1245-G |
| SPECSYS, INC., | ) ) ) |
| Defendant. | ) ) |

## ORDER

Now before the Court is a Motion for Permanent Injunction (Doc. Nos. 484, 485), filed by Plaintiffs CMI Roadbuilding, Inc. ("CMI") and CMI Roadbuilding Ltd.[1] Defendant SpecSys, Inc. has responded in opposition (Doc. No. 505). Having considered the parties' arguments, the Court makes its determination.

I. *Background*

Plaintiffs initiated this diversity action on December 20, 2018. *See* Doc. No. 1. This lawsuit stems from a series of purchase orders whereby Defendant agreed to manufacture mobile equipment and provide related design and engineering services to Plaintiff CMI. The business relationship soured, resulting in multiple claims and counterclaims. As

---

[1] CMI Roadbuilding Ltd. is a private limited company that owns several companies, including CMI Roadbuilding, Inc. *See* Pls.' Mot. (Doc. No. 484) at 2; Am. Compl. ¶ 1 (Doc. No. 78). Further, CMI Roadbuilding Ltd. owns the Confidential Information referenced in this Order and the parties' agreements. *See* Pls.' Mot. at 2; Am. Compl. ¶ 9. The Confidential Information includes detailed engineering documents, vendor lists, and pricing used to manufacture and assemble equipment and to manufacture and assemble parts and components for equipment assembled and/or sold by CMI Roadbuilding, Inc. *See* Pls.' Mot. at 2; Am. Compl. ¶ 9.

relevant to the instant Motion, each of the purchase orders that was at issue in this case includes a "Confidentiality" provision (collectively, the "Confidentiality Agreement"), which stated all of Plaintiff CMI's information is, and shall remain, the property of Plaintiff CMI.  *See* Doc. Nos. 78-16, at 7; 78-26, at 12, 15, 19; 78-33, at 5; 78-36, at 9; 78-46, at 5, 9.  The parties likewise executed a Confidentiality and Non-Disclosure Agreement ("NDA") governing the exchange of "confidential and proprietary information and material."  *See* NDA (Doc. No. 78-9) at 3-5.  The term "Confidential Information" will be used herein in collective reference to the information protected under the Confidentiality Agreement and the NDA.

Paragraph 5 of the NDA includes an acknowledgement that the Confidential Information is proprietary to Plaintiff CMI and that "[n]o right, license or ownership interest, of any kind, express or implied, is granted by [Plaintiff CMI] to [Defendant] in the [Confidential] Information."  *Id.* at 4.  The NDA further states, in Paragraph 3:

> In the event that [Defendant] shall at any time create, discover, conceive, make, invent or reduce to practice any invention, modification, discovery, design, development, process or intellectual property right whatsoever or any interest therein (whether or not patentable or registerable under copyright or trademark statutes) (collectively, "Developments") that relates to [Plaintiff CMI's] Business and results from exposure to the [Confidential Information], then all such Developments and the benefits thereof are and shall immediately become the sole and absolute property of [Plaintiff CMI] whether as works for hire or otherwise.

NDA at 4.  Paragraph 4 identifies injunctive relief as an appropriate remedy in the event Defendant discloses Plaintiff CMI's Confidential Information:

> [Defendant] and its Representatives recognize that its disclosure of [Confidential] Information will give rise to irreparable injury to [Plaintiff CMI], inadequately compensable in damages, and that, accordingly,

2

> [Plaintiff CMI] may seek and obtain injunctive relief against the breach of the within undertakings, in addition to any other legal remedies which may be available.

*Id.*

Following execution of the NDA, Plaintiff CMI sent Defendant engineering documents containing Confidential Information (the "Engineering Documents"). Am. Compl. ¶¶ 33, 41, 53, 56, 62, 66; Answer (Doc. No. 82) ¶¶ 33, 41, 53, 56, 62, 66; Pls.' Br. (Doc. No. 485) at 5. The Engineering Documents were then transmitted to, and maintained by, Defendant in electronic format. *See* Pls.' Br. at 5. Defendant used the Confidential Information to create new engineering documents, software code, and other intellectual property (collectively, the "Intellectual Property"). Am. Compl. ¶¶ 41, 56, 63, 80; Answer ¶¶ 41, 56, 63, 80; Pls.' Br. at 5-6.

Plaintiffs initially asserted that Defendant breached the parties' NDA in four ways: (1) by disclosing Plaintiffs' Confidential Information to third-party vendors without prior written authorization from Plaintiff CMI; (2) by "claiming ownership" of Plaintiffs' Confidential Information; (3) by refusing to return to Plaintiffs the Engineering Documents, which contained Confidential Information; and (4) by refusing to deliver to Plaintiffs the Intellectual Property that Defendant created using Plaintiffs' Confidential Information. *See* Am. Compl. ¶¶ 82, 152-156. These theories of breach were resolved as follows:

- Plaintiff's claim that Defendant breached the NDA by disclosing confidential information to third-party vendors without authorization proceeded to trial, and the jury

returned a verdict in favor of Defendant on that claim. *See* Jury Verdict (Doc. No. 476) at 1.

- The Court granted summary judgment in Defendant's favor on Plaintiff's claim that Defendant breached the NDA by "claiming ownership" of Plaintiff's confidential information. *See* Order of May 28, 2021 (Doc. No. 333) at 21-23.

- The Court granted summary judgment in favor of both Plaintiff CMI and Plaintiff CMI Ltd. on their claims that Defendant breached the NDA by refusing to return the Engineering Documents. *See id.* at 23-24. Following trial, the Court awarded Plaintiff CMI nominal damages of $1.00 on this theory. *See* J. at 1.

-and-

- As to Plaintiffs' claim that Defendant breached the NDA by refusing to deliver to Plaintiffs the Intellectual Property that Defendant created using Plaintiff CMI's Confidential Information, the Court—as detailed below—made legal conclusions relevant to this aspect of Plaintiffs' claim prior to trial and then, at trial, without objection did not present such aspect of the claim to the jury.

Plaintiffs now move for a permanent injunction: (1) requiring the return of the Confidential Information that Plaintiff CMI provided to Defendant; (2) prohibiting the use and/or dissemination of the Confidential Information Plaintiff CMI provided to Defendant; and (3) prohibiting the use and/or dissemination of the Intellectual Property derived from the Confidential Information provided by Plaintiff CMI to Defendant (including, but not

limited to drawings, 3-D models, software, and products). *See* Pls.' Mot. at 7-8; Am. Compl. ¶¶ 191-193.

## II. Applicable Standards

"For a party to obtain a permanent injunction, it must prove: (1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 822 (10th Cir. 2007) (internal quotation marks omitted). Because Plaintiffs seek an injunction that would require Defendant "to take affirmative action" by returning the Confidential Information, Plaintiffs must make a "heightened showing" on each of the four injunction factors. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (internal quotation marks omitted); *Att'y Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 776 (10th Cir. 2009).

## III. Discussion

### A. Success on the Merits

In order to obtain a permanent injunction, Plaintiffs must first show actual success on the merits. *See Prairie Band Potawatomi Nation*, 476 F.3d at 822 (explaining that the only measurable difference between a permanent and a preliminary injunction "is that a permanent injunction requires showing actual success on the merits, whereas a preliminary injunction requires showing a substantial likelihood of success on the merits").

### 1. Engineering Documents

As set forth above, the Court entered summary judgment in Plaintiffs' favor on Plaintiffs' claim that Defendant breached the NDA by refusing to return the Engineering Documents containing Plaintiff CMI's Confidential Information. *See* Order of May 28, 2021 (Doc. No. 333) at 23-24. The Court further found that Plaintiffs were entitled to the immediate return of the Engineering Documents. *See id.* at 30-31. On July 22, 2021, judgment was entered in Plaintiffs' favor on this claim. *See* J. at 1. Accordingly, Plaintiffs have demonstrated actual success on the merits of their claim that Defendant breached the NDA by refusing to return the Engineering Documents containing Plaintiff CMI's Confidential Information.

### 2. Confidential Information and Intellectual Property

In evaluating a pretrial evidentiary issue, the Court was called upon to construe the NDA as relevant to Plaintiffs' claim that Defendant breached the NDA by refusing to deliver to Plaintiffs the Intellectual Property that Defendant had created using Plaintiff CMI's Confidential Information. *See* Am. Order (Doc. No. 475) at 18-21; *see also* Order of May 28, 2021 (Doc. No. 333) at 25 (denying summary judgment to both parties on this issue). The Court found that, under the terms of the NDA, Plaintiffs had an ownership interest in any such Intellectual Property. *See* Am. Order at 18-21 (construing NDA to provide that Plaintiffs' ownership interest in such Intellectual Property vested as a matter of law upon its creation). The Court found, however, that Plaintiffs' right to immediate possession of such Intellectual Property was subject to an implied condition of payment for work duly performed by Defendant. *See id.* That is, the Court held that the NDA did

6

not require Defendant to provide to Plaintiffs any drawings, models, software code, or the like that were developed by Defendant from Plaintiff CMI's Confidential Information until such time as Plaintiffs had paid Defendant, as required by separate contract, for developing any such Intellectual Property, and that Plaintiffs could not fail to pay for such work but still demand immediate possession of the work product. *See id.* The Court further found that pursuant to the NDA Defendant remained obligated to not use or disclose any such Confidential Information or Intellectual Property. *See id.* at 20 n.16 (construing NDA to provide that, even in the absence of payment by Plaintiffs, Defendant "remained obligated to not use or disclose CMI Inc.'s confidential information" and "remained obligated not to use or disclose the intellectual property in a manner that is inconsistent with CMI Inc.'s purported ownership rights").

At trial, the Court without objection did not present to the jury this aspect of Plaintiffs' claim for breach of the NDA. *See* Jury Instrs. (Doc. No. 468); Jury Verdict; July 19, 2021 Trial Tr. 2035:1-2059:7 (Doc. No. 526). In their Motion for Permanent Injunction, Plaintiffs—consistent with the Court's construction of the NDA as detailed above—ask the Court to require Defendant to return the Confidential Information and to enjoin Defendant from using or disclosing any such Confidential Information or Intellectual Property. *See* Pls.' Mot. at 7-8.[2]

---

[2] The Court does not read Plaintiffs' Motion as requesting that the Court direct Defendant to provide to Plaintiffs the Intellectual Property developed by Defendant from Plaintiff CMI's Confidential Information. To any extent that Plaintiffs are requesting such an injunction, the motion is denied as Plaintiffs have not established that they have paid Defendant for the work performed in developing any such Intellectual Property.

At the status conference conducted by the Court on September 22, 2022, *see* Doc. No. 519, counsel for both parties agreed to the Court making any necessary factual findings for disposition of this Motion and represented that no hearing or further briefing was required prior to determination. Upon review of the evidence presented at trial, the Court finds that there is no legitimate dispute as to the existence of the NDA and that this agreement governs the use and disclosure of the Confidential Information and Intellectual Property. The Court concludes that Plaintiffs have established as a matter of law that, pursuant to the terms of the NDA, Plaintiffs are entitled to return of Plaintiff CMI's Confidential Information and that Defendant may not use or disseminate any such Confidential Information or any Intellectual Property derived by Defendant from that Confidential Information. To that extent, the Court therefore finds that Plaintiffs have succeeded on the merits with respect to their claim for breach of the NDA.[3]

### B. Irreparable Harm

A plaintiff may make the requisite showing of irreparable harm "if [the] plaintiff demonstrates a *significant risk* that he or she will experience harm that cannot be

---

[3] Defendant argues that Plaintiffs did not succeed on the merits with regard to their NDA claim because the jury found that Defendant did not breach the NDA by disclosing confidential and proprietary information to third-party vendors without prior written authorization. *See* Def.'s Resp. at 3-5; Jury Verdict at 1. The fact that Defendant was partially successful in its defense of one aspect of Plaintiffs' claim for breach of the NDA does not negate Plaintiffs' actual success on the merits of the portions of their claim relevant to the injunction sought. Further, to the extent that Defendant argues that its post-trial motions for judgment as a matter of law and for new trial affect Plaintiffs' success on the merits of the relevant claim, those motions have now been denied. *See* Order of Jan. 29, 2024 (Doc. No. 522).

compensated after the fact by monetary damages." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1258 (10th Cir. 2003) (internal quotation marks omitted). A threat of imminent irreparable harm exists where the defendant is in possession of the plaintiff's confidential information and is poised to use or disclose it. *Jackson Hewitt, Inc. v. Barnes*, No. 10-cv-05108, 2011 WL 181431, at *4 (D.N.J. Jan. 18, 2011). By executing the NDA, Defendant agreed in advance of the parties' transactions that breach of the NDA would cause irreparable injury to the Plaintiffs. *See* Order of May 28, 2021 (Doc. No. 333) at 30; NDA at 4. The Court concluded at summary judgment that Defendant's failure to return the Engineering Documents, and the Confidential Information included therein, threatened an irreparable harm not reducible to monetary damages and found that "[s]imilar considerations are present regarding the potential use or disclosure of the Intellectual Property, i.e., the engineering documents, software code, and other intellectual property created by [Defendant] using [Plaintiff] CMI's Confidential Information." Order of May 28, 2021 (Doc. No. 333) at 31 (emphasis omitted).

In its Response, Defendant does not dispute that Plaintiffs have shown a substantial risk of irreparable harm absent the requested injunction. Based on Defendant's lack of opposition, the Court's prior findings on this point, and the authority establishing that a significant risk of harm exists where a defendant is in possession of a plaintiff's confidential information, the Court finds that this element is satisfied to the requisite heightened degree.

### C. Balance of Harms

The third element addresses the balance of harms. Under this element, Plaintiff must show that "the threatened injury outweighs the harm that the injunction may cause the opposing party." *Prairie Band Potawatomi Nation*, 476 F.3d at 822 (internal quotation marks omitted). As discussed above, Plaintiffs have shown that they face a substantial risk of irreparable harm absent the requested injunction. Defendant does not contend that it would be harmed by being prohibited from using or disseminating the Confidential Information or Intellectual Property. Defendant argues, however, that it has a right to presently retain the Confidential Information to further its post-trial motions and appeals, specifically contending that "[t]here could be no greater adverse action to take against a party during litigation than to force [it] to disregard and destroy evidence [it] need[s] to continue." Def.'s Resp. at 5.

The Court has now ruled on Defendant's post-trial motions relating to the merits of the claims and counterclaims and for fees and expenses, a Judgment was entered, and it is contemplated that an amended judgment will be entered at the appropriate time. Litigation of the merits of this case is effectively over, and Defendant does not explain why the Confidential Information would be needed for any future appeal. Accordingly, the Court finds that the threatened injury to Plaintiffs if the injunction does not issue outweighs any harm to Defendant.

### D. Public Interest

Finally, Plaintiff must show that "the injunction, if issued, will not adversely affect the public interest." *Prairie Band Potawatomi Nation*, 476 F.3d at 822 (internal quotation

10

marks omitted). Defendant argues that the requested injunction would adversely affect the public interest because "[r]equiring [Defendant] to commit spoliation and necessarily destroy evidence it needs to advance its case and possible appeals is an affront to due process." *See* Def.'s Resp. at 6. Plaintiffs argue that the requested injunction will not adversely affect the public interest, as such interest is served by preventing unauthorized disclosure of Plaintiffs' Confidential Information. *See* Pls.' Br. at 13.

Considering that litigation on the merits of this case is over barring any successful appeal, and that Defendant may obtain the Confidential Information and Intellectual Property from Plaintiffs in that event, requiring Defendant to return Plaintiffs' Confidential Information would not adversely affect the public interest. Further, "the public has [a great] interest in honoring contractual obligations and in fostering honest competition." *ClearOne Commc'ns, Inc. v. Chiang*, 608 F. Supp. 2d 1270, 1281 (D. Utah 2009). Accordingly, the Court finds that this element is satisfied.

### E. Whether the Permanent Injunction Should Apply to Nonparties

As explained, the Court finds that Plaintiffs have made a heightened showing upon all factors, as required to obtain a permanent injunction against Defendant SpecSys. Plaintiffs request that the injunction also apply to nonparties RVI, Inc. and RITALKA, Inc. *See* Pls.' Mot. at 1.[4]

---

[4] Plaintiffs represent that Defendant SpecSys, Inc. and RVI, Inc. are both 100% owned by Ritalka, Inc. *See* Pls.' Br. at 3.

11

The Tenth Circuit applies a heightened standard for litigants seeking injunctive relief against nonparties. *See Andrews v. Andrews*, 160 F. App'x 798, 800 (10th Cir. 2005).

> While the non-party status of an injunction's target may [not] be a conclusive impediment, it nevertheless heightens the hurdle that must be cleared to obtain the injunction: not only must the motion advance considerations satisfying the traditional injunction factors . . . but those considerations must also constitute . . . 'appropriate circumstances' . . . to justify issuing an injunction against a non-party.

*Id.* Further, the relevant Rule provides that an injunction order "binds only the following who receive actual notice of it": "(A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." Fed. R. Civ. P. 65(d)(2).

Plaintiffs do not address whether there are appropriate circumstances to justify enjoining the nonparties in this case or whether the requirements of Federal Rule of Civil Procedure 65(d)(2) are satisfied. Accordingly, the Court finds that Plaintiffs have not cleared the heightened hurdle as required to obtain entry of a permanent injunction against nonparties RVI, Inc. and RITALKA, Inc.

## CONCLUSION

Accordingly, Plaintiffs' Motion for Permanent Injunction (Doc. No. 484) is GRANTED IN PART and DENIED IN PART.

The Court ORDERS AS FOLLOWS:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant SpecSys, Inc. is PERMAMENTLY ENJOINED from using and/or disseminating the Confidential Information that Plaintiff CMI Roadbuilding, Inc. provided to Defendant

13

SpecSys, Inc. and using and/or disseminating any Intellectual Property derived from the Confidential Information provided by Plaintiff CMI Roadbuilding, Inc. to Defendant SpecSys, Inc. (including, but not limited to drawings, 3-D models, software, and products). Further, Defendant SpecSys, Inc. is ORDERED to return to Plaintiff CMI Roadbuilding, Inc., as soon as reasonably practicable, the Confidential Information, including the Engineering Documents, provided by Plaintiff CMI Roadbuilding, Inc. to Defendant SpecSys, Inc.  Plaintiffs are ORDERED to maintain a complete and correct copy of any Confidential Information that is returned to them by Defendant SpecSys, Inc. pending further order of the Court or final resolution of this case and any appeals, whichever occurs earlier.

    IT IS SO ORDERED this 20th day of September, 2024.

_____
CHARLES B. GOODWIN
United States District Judge