# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CMI ROADBUILDING, INC. and<br>CMI ROADBUILDING LTD.,<br><br>    Plaintiffs,<br>v.<br><br>SPECSYS, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)   Case No. CIV-18-1245-G<br>)<br>)<br>)<br>) |

## ORDER

Now before the Court is the Motion for Attorney's Fees (Doc. No. 491) filed by Plaintiff CMI Roadbuilding, Inc. ("CMI"). Defendant SpecSys, Inc. has submitted a response in opposition (Doc. No. 508).

*I.    Background*

Plaintiff initiated this diversity action on December 20, 2018. *See* Doc. No. 1. This lawsuit stems from a series of purchase orders whereby Defendant agreed to manufacture mobile equipment and provide related design and engineering services to Plaintiff. The business relationship soured, resulting in multiple claims and counterclaims.

On July 22, 2021, following a jury trial, the Court entered judgment in this matter. The Judgment (Doc. No. 476), which reflects the Court's summary-judgment rulings, rulings on motions for judgment as a matter of law made during the course of trial, and the jury's verdict, entered judgment in favor of Plaintiff on certain claims and in favor of Defendant on certain claims. As stated in the Judgment, the Court calculated that after crediting the amounts awarded to Defendant against the amounts awarded to Plaintiff,

Defendant owed Plaintiff the total sum of $1,459,465.00, plus postjudgment interest at the rate set forth by federal statute. *See id.* at 3.

II.     *Standard of Decision*

Plaintiff now seeks an award of its attorney fees pursuant to Federal Rule of Civil Procedure 54(d)(2) and Local Civil Rule 54.2. In diversity actions, "attorney fees are a substantive matter" governed by state law. *Combs v. Shelter Mut. Ins. Co.*, 551 F.3d 991, 1001 (10th Cir. 2008). Generally, "Oklahoma courts are committed to the American Rule," whereby "every litigant is responsible for its own litigation expenses." *State ex rel. Dep't of Transp. v. Norman Indus. Dev. Corp.*, 41 P.3d 960, 962 (Okla. 2001). Attorney fees are available, however, when authorized by contract or statute. *See id.*; *Madill Bank & Tr. Co. v. Herrmann*, 738 P.2d 567, 573 (Okla. Civ. App. 1987).

"In recovering attorney fees, the moving party has the burden to show that his requested fee is for a reasonable amount, for necessary services, and is authorized by law." *First Nat'l Bank & Tr. Co. of Ardmore v. Kelly*, 451 P.3d 203, 205 (Okla. Civ. App. 2019); *accord Vanguard Env't, Inc. v. Kerin*, 528 F.3d 756, 758 (10th Cir. 2008) ("[A] party seeking attorneys' fees under Rule 54(d)(2) must specify the statute, rule, or other grounds entitling the party to the award." (alteration and internal quotation marks omitted)). Here, Plaintiff first argues that it is entitled to an award of attorney fees pursuant to a provision contained within each of the eight purchase orders at issue in this case. *See* Pl.'s Mot. (Doc. No. 491) at 3-6. Plaintiff next argues that it is entitled to recover certain attorney fees pursuant to a provision in the parties' Confidentiality and Non-Disclosure Agreement. *See id.* at 6-7. Plaintiff finally argues that it is entitled to recover attorney fees incurred in

2

pursuit of its claim for conversion under title 12, section 936 of the Oklahoma Statutes, which authorizes attorney fees to the prevailing parties of certain contract disputes. *See id.* at 8-9; Okla. Stat. tit. 12, § 936(A).

### III.   *Discussion*

Plaintiff requests $1,859,059.00 in attorney fees for 7864.20 hours of work performed. *See* Pl.'s Mot. at 9-12 (presenting this figure as the "lodestar" of number of hours reasonably expended multiplied by a reasonable hourly rate); *see also City of Burlington v. Dague*, 505 U.S. 557, 559, 562 (1992) (discussing the lodestar calculation). In support of its Motion, Plaintiff has presented an affidavit and timesheets from its counsel. *See* LCvR 54.2; Pl.'s Mot. Ex. 1 (Doc. No. 491-1); Pl.'s Mot. Ex. 2 (Doc. No. 491-2). Defendant objects to Plaintiff's request for attorney fees, arguing that Plaintiff has not shown that it is entitled to recover fees and that the fees sought are not reasonable.

#### A. *Entitlement to Attorney Fees*

##### 1. *The Purchase Orders' Attorney Fees Provision*

Plaintiff first asserts that all claims in this matter arise out of eight purchase orders and, pursuant to a specific provision contained in each of those contracts, Defendant is obligated to pay all of Plaintiff's attorney fees. *See* Pl.'s Mot. at 3-6. Further, Plaintiff argues that the obligation for Defendant to pay Plaintiff's attorney fees is not conditioned upon Plaintiff being a "prevailing party." *See id.* Defendant responds that the cited language is from an indemnification provision and only applies to attorney fees incurred in

relation to third-party claims—not to attorney fees incurred in relation to an action between the parties to the contract. *See* Def.'s Resp. at 10-12.

The language relied upon by Plaintiff is the third sentence of a provision contained in each of the purchase orders at issue. That provision states, in its entirety:

> **Indemnification.** Seller shall indemnify, defend and hold harmless CMI, its directors, officers, parents, affiliates, subsidiaries, employees, agents, successors and assigns against any suits, actions or proceedings at law or in equity (including costs, expenses and reasonable attorney's fees incurred in connection with the defense of any matter) and all claims, loses [sic], damages, judgments, obligations, liabilities and expenses arising out of or resulting in any manner from: (i) any defects in the goods or services purchased by this PO; (ii) any acts or omission of Seller, its agents, employees or subcontractors; or (iii) any claim of infringement (including, but not limited to, patent, trademark, copyright, industrial design right, or other proprietary right or misuse or misappropriation of trade secret) arising out of the purchase, sale or use of the good or services covered by the PO whether such good or services were provided alone or in combination with other products, software or processer. Seller expressly waives any claim against CMI that such infringement arose out of compliance with CMI's specification. *If Seller fails to fulfil any of its obligations under this paragraph or this agreement, Seller agrees to pay CMI all costs, expenses and attorney's fees incurred by to establish or enforce CMI's rights under this paragraph or this Agreement.* This indemnification shall be in addition to the warranty obligations of Seller.

*E.g.*, Purchase Order 17580 (Doc. No. 486-1) at 6 (emphasis added).

Under Oklahoma law, "[t]he language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." Okla. Stat. tit. 15, § 154. Courts must "read the provisions of a contract in their entirety" and "give effect to the intention of the parties as ascertained from the four corners of the contract." *Okla. Oncology & Hematology P.C. v. US Oncology, Inc.*, 160 P.3d 936, 946 (Okla. 2007); *see* Okla. Stat. tit. 15, § 155. "The whole of a contract is to be taken together, so as to give

4

effect to every part, if reasonably practicable, each clause helping to interpret the others." Okla. Stat. tit. 15, § 157. "The Court will not create an ambiguity by using a forced or strained construction, by taking a provision out of context, or by narrowly focusing on the provision." *Whitehorse v. Johnson*, 156 P.3d 41, 47 (Okla. 2007).

Plaintiff argues that the italicized portion of the provision quoted above imposes a broad reimbursement obligation, which would apply in the event of *any* breach of a purchase order contract by Defendant as the Seller. *See* Pl.'s Mot. at 4-6. The Court finds that proper construction of this sentence requires that it be read in the context of the indemnification provision in which it is found.

Under Oklahoma law, an indemnification agreement is generally considered "an agreement 'to make good and save harmless the person, with whom the contract is made, upon an obligation of such person *to a third* person.'" *Arnold Oil Props., L.L.C. v. Schlumberger Tech. Corp.*, No. CIV-08-1361-D, 2010 WL 476633, at *3 (W.D. Okla. Feb. 4, 2010) (quoting *Thomas v. Williams*, 49 P.2d 557, 560 (Okla. 1935)). "[I]t is the normal and customary operation of an indemnity agreement to protect the indemnitee against claims or liability asserted by third parties, not one of the parties to the indemnity agreement itself." *Id.*; *cf. Elsken v. Network Multi-Fam. Sec. Corp.*, 838 P.2d 1007, 1011 (Okla. 1992) (explaining that an indemnification clause that acted to indemnify a party to the contract from its own negligence is enforceable only where "the intention to indemnify is unequivocally clear from an examination of the contract").

Here, the provision in which Plaintiff's cited language is found is one that creates just such an indemnification agreement. Setting aside the parties' dispute about the

meaning of the third sentence, it is clear that the remainder of the cited provision is directed to that purpose. And, while Plaintiff is correct that the language of that third sentence may be read as broad in isolation, the surrounding language of the contract provision reflects in two instances that the parties intended the scope of the third sentence to be limited to the indemnification context. First, the bold-type title of the provision is "**Indemnification**." Purchase Order 17580, at 6. Second, the fourth and final sentence of the provision refers to the preceding sentences—which would include the third—as creating an "indemnification" obligation. *Id.* ("This indemnification shall be in addition to the warranty obligations of Seller.").

Applying Oklahoma law governing the interpretation of contracts, and reading the language of the purchase order contracts as a whole, the Court concludes that the cited sentence of the indemnification provision in those purchase orders was intended to obligate Defendant to pay Plaintiff's attorney fees in the event that a third party sued Plaintiff and does not extend so far as to apply to fees incurred in an action between Plaintiff and Defendant. Accordingly, Plaintiff has not established that it is entitled to recover attorney fees pursuant to the attorney fees provision in the purchase orders. *See First Nat'l Bank & Tr. Co. of Ardmore*, 451 P.3d at 205; *Vanguard Env't, Inc.*, 528 F.3d at 758.

### 2. *The NDA's Attorney Fees Provision*

Plaintiff next argues that the parties' Confidentiality and Non-Disclosure Agreement ("NDA") allows Plaintiff to recover "all its attorney fees" from Defendant based upon Defendant's breach of that agreement. Pl.'s Mot. at 6-7. Paragraph 4 of the NDA states: "If CMI Roadbuilding is successful in any action, equitable or otherwise, to

enforce this Agreement, CMI Roadbuilding shall be entitled to recover costs and attorney's fees from Recipient." NDA (Doc. No. 78-9) at 4.

Plaintiff originally asserted that Defendant breached the parties' NDA in four ways: (1) by disclosing confidential information to third-party vendors without prior written authorization from Plaintiff; (2) by "claiming ownership" of Plaintiff's confidential information; (3) by refusing to return to Plaintiff certain engineering documents containing confidential information; and (4) by refusing to deliver to Plaintiff the intellectual property created using confidential information. *See* Am. Compl. ¶¶ 82, 152-156. These theories of breach were resolved as follows:

- Plaintiff's claim that Defendant breached the NDA by disclosing confidential information to third-party vendors without authorization proceeded to trial, and the jury returned a verdict in favor of Defendant on that claim. *See* Jury Verdict (Doc. No. 474) at 1.

- The Court granted summary judgment to Defendant on Plaintiff's claim that Defendant breached the NDA by "claiming ownership" of Plaintiff's confidential information. *See* Order of May 28, 2021 (Doc. No. 333) at 21-23.

- The Court granted summary judgment in favor of both Plaintiff CMI and Plaintiff CMI Roadbuilding Ltd. on their claims that Defendant breached the NDA by refusing to return the engineering documents. *See id.* at 23-24. Following trial, the Court awarded Plaintiff CMI nominal damages of $1.00 on this theory of liability. *See* J. at 1.[1]

---

[1] The Judgment included the resolution and award on Plaintiff CMI's claim that Defendant breached the NDA by refusing to return the engineering documents and was entitled to

-and-

- As to Plaintiffs' claim that Defendant breached the NDA by refusing to deliver to Plaintiffs the Intellectual Property that Defendant created using Plaintiff CMI's Confidential Information, the Court in evaluating an evidentiary issue submitted prior to trial construed the NDA to provide that Plaintiffs had an ownership interest in any such Intellectual Property but were not entitled to immediate possession of the Intellectual Property until Plaintiffs paid Defendant for its work in developing the Intellectual Property. *See* Am. Order (Doc. No. 475) at 18-21. At trial, the Court without objection did not present to the jury this aspect of Plaintiffs' claim for breach of the NDA. *See* Jury Instrs. (Doc. No. 468); Jury Verdict; July 19, 2021 Trial Tr. 2035:1-2059:7 (Doc. No. 526-8).

To the extent Defendant argues that this mixed result means that Plaintiff did not prevail on its claim for breach of the NDA, the Court disagrees. "Under Oklahoma law, 'the concept of prevailing party is result oriented.'" *BP Am. Prod. Co. v. Chesapeake Expl., LLC*, 747 F.3d 1253, 1262 (10th Cir. 2014) (quoting *Atwood v. Atwood*, 25 P.3d 936, 948 (Okla. Civ. App. 2001)). "The prevailing party is the party that succeeds on the merits of

---

nominal damages of $1.00 but failed to likewise reflect the same result and award for Plaintiff CMI Roadbuilding Ltd. *See* J. at 1. The Court contemplates correcting this error through entry of an amended judgment but recognizes that it is precluded from doing so while an appeal is being heard absent leave of the appellate court. *See* Fed. R. Civ. P. 60(a); *see also* Notice of Appeal (Doc. No. 535). If, while the current appeal is pending, Plaintiffs desire amendment of the judgment to correct the omission of the nominal award for Plaintiff CMI Roadbuilding Ltd., Rule 60(a) of the Federal Rules of Civil Procedure allows Plaintiffs to seek leave from the appellate court and then, if granted, request such an amendment in this proceeding.

the claim and has affirmative judgment rendered in its favor." *Id.*[2]  Plaintiff advanced four theories regarding Defendant's breach of the NDA and was granted summary judgment and awarded nominal damages on one: the assertion that Defendant breached the NDA by refusing to return the engineering documents.  *See* J. at 1; Order of May 28, 2021, at 23-24.  Based upon this result, the Court finds that Plaintiff was "successful" in an action to enforce the NDA and, pursuant to the NDA, has shown that it is entitled to recover attorney fees related to this claim.  *See* NDA at 4; *Ace Oilfield Rentals, LLC v. W. Dakota & Fabrication, LLC*, No. CIV-15-672-D, 2017 WL 3841891, at *7 (W.D. Okla. Sept. 1, 2017) ("The fact that Plaintiff recovered only nominal damages for its . . . claim is inconsequential.  'Nominal relief does not necessarily a nominal victory make.'" (alteration omitted) (quoting *Lippoldt v. Cole*, 468 F.3d 1204, 1222 (10th Cir. 2006))).[3]

---

[2] Defendant argues that it "is and will be the prevailing party against CMI" in this lawsuit.  Def.'s Resp. at 18-19.  The Court has denied Defendant's renewed motions for judgment as a matter of law, motions for a new trial, and motion for contractual or prejudgment interest, however.  *See* Doc. Nos. 522, 528.  To the extent that Defendant contends that it is the prevailing party because it recovered on certain counterclaims or successfully defended against certain of Plaintiff's claims, "Oklahoma law does not preclude a finding that both parties prevailed when each wins on the merits of separate claims." *BP Am. Prod. Co.*, 747 F.3d at 1262 (citing *Welling v. Am. Roofing & Sheet Metal Co.*, 617 P.2d 206, 210 (Okla. 1980)).  In this action, the parties brought multiple claims and counterclaims regarding individual contracts, some for goods and some for services, *see* Am. Order at 6-14, made over the course of their business relationship.  As explained herein, Plaintiff indisputably prevailed as to certain claims.  The Court will address Defendant's status as a potentially prevailing party by separate order.

[3] "Where a plaintiff seeks compensatory damages but recovers only nominal damages, the plaintiff is a prevailing party, but the district court should determine, in its discretion, whether the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Lippoldt*, 468 F.3d at 1222 (internal quotation marks omitted) (discussing fee award on federal civil rights claims).  "The

The Court rejects, however, Plaintiff's contention that the NDA entitles Plaintiff to recover "*all* attorney's fees" incurred in this litigation. *See* Pl.'s Mot. at 7. The NDA provides for recovery of attorney fees only in actions brought to "enforce this agreement." NDA at 4. Absent any basis to find that this provision applies to permit Plaintiff to recover fees associated with claims unrelated to the NDA, the Court concludes that—with the exception of fees relating to Plaintiff's claim that Defendant breached the NDA by refusing to return the engineering documents—Plaintiff has not shown an entitlement to the requested fee award in this case.

### 3. Title 12, Section 936(A) of the Oklahoma Statutes

Title 12, section 936(A) of the Oklahoma Statutes provides for the recovery of attorney fees in "any civil action to recover . . . on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise." The award of fees to the prevailing party under section 936(A) is "mandatory," *Kay v. Venezuelan Sun Oil Co.*, 806 P.2d 648, 650 (Okla. 1991), but "the determination of reasonableness and amount of the fee award is generally left to the sound discretion of the district court," *Gamble, Simmons & Co. v. Kerr-McGee Corp.*, 175 F.3d 762, 773 (10th Cir. 1999).

Plaintiff argues that it is entitled under section 936(A) to recover attorney fees incurred in connection with its claim that Defendant converted certain CMI-provided parts. This claim proceeded to trial, and the jury found in favor of Plaintiff. *See* Verdict at 4-5.

---

reasonable fee may be no fee at all where plaintiffs seek compensatory damages, but they recover only nominal damages." *Id.* (internal quotation marks omitted).

Specifically, Plaintiff contends that because its conversion claim arose out of Defendant's breach of Purchas Order 17580, a contract for the sale of goods, section 936(A) "unequivocally applies to [Plaintiff's] claim for conversion." Pl.'s Mot. at 7-8.

The Oklahoma Supreme Court has held, however, that section 936 does not apply to claims for conversion. *See Olansen v. Texaco Inc.*, 587 P.2d 976, 988 (Okla. 1978) ("[The plaintiffs'] theory of recovery against [the defendant] was one sounding in tort for conversion which would render § 936 inapplicable." (citation omitted)). Plaintiff has offered no authority to support the proposition that its conversion claim should be considered an action "to recover . . . on . . . a contract" for purposes of the Oklahoma statute. Accordingly, Plaintiff has not shown an entitlement to attorney's fees under section 936(A) on its conversion claim.

### B. Reasonableness and Apportionment of Attorney Fees

Defendant argues that even if Plaintiff shows entitlement to a fee award, the fees sought are not reasonable. *See* Def.'s Resp. at 19-29. Under Oklahoma law, "[a]n attorney's fee applicant bears the burden of proving that the time and labor for which he seeks compensation are reasonable and that they relate to a claim for which fees are recoverable." *U.S. Bank Nat'l Ass'n v. Hill*, 540 P.3d 1, 14 (Okla. 2023); *see also First Nat'l Bank & Tr. Co. of Ardmore*, 451 P.3d at 205. "In a case involving multiple claims where prevailing party attorney fees are authorized for only one claim, the law dictates that the court 'apportion' the fees so that attorney fees are awarded only for the claim for which there is authority to make the award." *Tsotaddle v. Absentee Shawnee Housing Auth.*, 20 P.3d 153, 162 (2000). "Oklahoma does not have an 'inextricably intertwined' theory upon

11

which attorney's fees do not have to be apportioned if the claims are closely related." *Hill*, 540 P.3d at 14; *see also Silver Creek Invs., Inc. v. Whitten Constr. Mgmt., Inc.*, 307 P.3d 360, 366 (Okla. Civ. App. 2013).

Plaintiff has provided voluminous timesheets in support of its request for $1,859,059.00 in attorney's fees for 7864.20 hours of work performed. *See* Pl.'s Mot. at 9-12.[4] But Plaintiff makes no distinction in its brief or accompanying materials as to what portion of the request relates to the sole claim for which it has shown entitlement—its claim for breach of the NDA based upon Defendant's refusal to return the engineering documents. *See* Def.'s Resp. at 16. Because the Court on this record is unable to properly apportion the attorney fees sought, Plaintiff's Motion must be, and is, denied.

The Court, however, will allow Plaintiff CMI (and/or Plaintiff CMI Roadbuilding Ltd.) to submit a second motion for attorney fees, limited to the claim for breach of the NDA cited above. Such motion must be submitted within 14 days of the date of this Order and provide all information needed to allow the Court to properly apportion and limit Plaintiffs' total fee award. Defendant may respond within 14 days of the filing of Plaintiffs' motion.

## CONCLUSION

As explained above, the Court DENIES Plaintiff's Motion for Attorney's Fees (Doc. No. 491).

---

[4] Plaintiff represents that it is not seeking attorney fees incurred relating "exclusively to [Plaintiff's] claims for fraud, intentional interference with contract, the Defend Against Trade Secrets Act, and the Oklahoma Uniform Trade Secrets Act." Pl.'s Mot. at 6.

IT IS SO ORDERED this 20th day of September, 2024.

_____
CHARLES B. GOODWIN
United States District Judge

Case 5:18-cv-01245-G   Document 539   Filed 09/20/24   Page 13 of 13