UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CMI ROADBUILDING, INC. and CMI ROADBUILDING LTD., ) ) ) | |
| Plaintiffs, ) | |
| v. ) | Case No. CIV-18-1245-G |
| ) | |
| SPECSYS, INC., ) ) | |
| Defendant. ) | |

### ORDER

Now before the Court is the Motion for Attorney's Fees (Doc. No. 488), filed by Defendant SpecSys, Inc. Plaintiffs CMI Roadbuilding Ltd. ("CMI Ltd.") and CMI Roadbuilding, Inc. ("CMI") have submitted a response in opposition (Doc. No. 506).

*I.     Background*

Plaintiffs initiated this diversity action on December 20, 2018. *See* Doc. No. 1. This lawsuit stems from a series of purchase orders whereby Defendant agreed to manufacture mobile equipment and provide related design and engineering services to Plaintiff CMI. The business relationship soured, resulting in multiple claims and counterclaims.

On July 22, 2021, following a jury trial, the Court entered judgment in this matter. The Judgment (Doc. 476), which reflects the Court's summary-judgment rulings, rulings on motions for judgment as a matter of law made during the course of trial, and the jury's verdict, entered judgment in favor of Plaintiff CMI on certain claims and in favor of Defendant on certain claims. As stated in the Judgment, the Court calculated that after crediting the amounts awarded to Defendant against the amounts awarded to Plaintiff,

nothing was owed to Defendant, but Defendant owed Plaintiff the total sum of $1,459,465.00, plus postjudgment interest at the rate set forth by federal statute. *See id.* at 3. The Judgment further stated that nothing was owed to Plaintiff CMI Ltd. by any party. *See id.*

## II.     Standard of Decision

Defendant now seeks an award of attorney fees pursuant to Federal Rule of Civil Procedure 54(d)(2) and Local Civil Rule 54.2. In diversity actions, "attorney fees are a substantive matter" governed by state law. *Combs v. Shelter Mut. Ins. Co.*, 551 F.3d 991, 1001 (10th Cir. 2008). Generally, "Oklahoma courts are committed to the American Rule," whereby "every litigant is responsible for its own litigation expenses." *State ex rel. Dep't of Transp. v. Norman Indus. Dev. Corp.*, 41 P.3d 960, 962 (Okla. 2001). Attorney fees are available, however, when authorized by contract or statute. *See id.*; *Madill Bank & Tr. Co. v. Herrmann*, 738 P.2d 567, 574 (Okla. Civ. App. 1987).

"In recovering attorney fees, the moving party has the burden to show that his requested fee is for a reasonable amount, for necessary services, and is authorized by law." *First Nat'l Bank & Tr. Co. of Ardmore v. Kelly*, 451 P.3d 203, 205 (Okla. Civ. App. 2019); *accord Vanguard Env't, Inc. v. Kerin*, 528 F.3d 756, 758 (10th Cir. 2008) ("[A] party seeking attorneys' fees under Rule 54(d)(2) must specify the statute, rule, or other grounds entitling the party to the award." (alteration and internal quotation marks omitted)). Here, Defendant first argues that its successful prosecution of certain counterclaims against Plaintiff and successful defense of certain claims asserted by Plaintiff entitle Defendant to an award of attorney fees under title 12, section 936 of the Oklahoma Statutes, which

authorizes attorney fees to the prevailing party in a qualifying contract dispute. *See* Def.'s Mot. at 14, 16-18, 20. Defendant next argues that it is entitled to recover its attorney fees incurred in defending Plaintiff's claim for an injunction that would require Defendant to return certain "Purchase Items" under Purchase Order 17580, contending that "this claim was an attempt to circumvent enforcement of [Defendant's] possessory lien," and therefore title 42, section 176 of the Oklahoma Statutes applies. *Id.* at 18. Finally, Defendant argues that it is entitled to recover its attorney fees incurred in defending multiple claims brought by Plaintiff in bad faith. *See id.* at 11-15, 18-19.

### III.    Discussion

Defendant's request for attorney fees presents two alternatives. In the event that the Court grants Defendant's postjudgment motions, Defendant requests 100% of its attorney fees—$1,063,292.50. *See id.* at 26-27. Otherwise, Defendant requests $797,469.38 in fees, representing "75% of the total reasonable fees in this case." *Id.* at 27 (presenting these figures as the number of hours reasonably expended multiplied by a reasonable hourly rate); *see also City of Burlington v. Dague*, 505 U.S. 557, 559, 562 (1992) (discussing the lodestar calculation). In support of its Motion, Defendant has presented affidavits and timesheets from its counsel. *See* LCvR 54.2; Def.'s Mot. Exs. 2, 3, 4, 5, 6 (Doc. Nos. 488-2, 488-3, 488-4, 488-5, 488-6). Plaintiffs object to Defendant's request, arguing that Defendant is not entitled to recover fees and that the fees sought are not reasonable.

*A. Entitlement*

*1. Title 12, Section 936(A) of the Oklahoma Statutes*

Title 12, section 936(A) of the Oklahoma Statutes provides for the recovery of attorney fees in "any civil action to recover . . . on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise." The award of fees to the prevailing party under section 936(A) is "mandatory," *Kay v. Venezuelan Sun Oil Co.*, 806 P.2d 648, 650 (Okla. 1991), but "the determination of reasonableness and amount of the fee award is generally left to the sound discretion of the district court," *Gamble, Simmons & Co. v. Kerr-McGee Corp.*, 175 F.3d 762, 773 (10th Cir. 1999).

Defendant argues that, as the prevailing party, it is entitled to recover fees under section 936(A) as to its counterclaims for breach of Purchase Orders 17580 and 18643 and breach of the Long Lead Purchase Agreement. Defendant also asserts that it is the prevailing party as to Plaintiffs' claims for breach of Purchase Orders 18643, 18644, 18645, and 21234, breach of the parties' Confidentiality and Non-Disclosure Agreement ("NDA"), and for an accounting and injunctive relief. *See* Def.'s Mot. at 14, 16-17. Plaintiffs respond that Defendant is not the prevailing party on any claims subject to an award of attorney fees under section 936(A) for two reasons: (1) Defendant "did not receive an affirmative judgment," and (2) Defendant "did not prevail on counterclaims separate and distinct from [Plaintiffs'] claims." Pls.' Resp. at 9.

"Under Oklahoma law, 'the concept of prevailing party is result oriented.'" *BP Am. Prod. Co. v. Chesapeake Expl., LLC*, 747 F.3d 1253, 1262 (10th Cir. 2014) (internal

4

quotation marks omitted) (quoting *Atwood v. Atwood*, 25 P.3d 936, 948 (Okla. Civ. App. 2001)). "The prevailing party is the party that succeeds on the merits of the claim and has affirmative judgment rendered in its favor." *Id.* "Oklahoma law does not preclude a finding that both parties prevailed when each wins on the merits of separate claims," however. *Id.* (citing *Welling v. Am. Roofing & Sheet Metal Co.*, 617 P.2d 206, 210 (Okla. 1980)).

Accordingly, in this action, where the parties brought multiple claims and counterclaims, the fact that Defendant did not receive the larger monetary award at the conclusion of the case does not preclude Defendant from being the prevailing party as to certain claims or counterclaims. The Court now considers whether Defendant indeed prevailed on the claims and counterclaims identified above and whether Defendant is entitled to recover attorney fees pursuant to section 936(A) as to those claims and counterclaims.

### a. Defendant's Counterclaims

The jury found in Defendant's favor on three of its counterclaims: (1) breach of Purchase Order 17580, (2) breach of Purchase Order 18643, and (3) breach of the Long Lead Purchase Agreement. *See* J. at 2. The Court readily finds that as to Defendant's counterclaims for Plaintiff CMI's breach of Purchase Order 18643 and the Long Lead Purchase Agreement, Defendant prevailed on claims distinct from any asserted by Plaintiffs. Because the contracts at issue concern subjects within the scope of section 936(A), Defendant as the sole prevailing party is entitled to recover its reasonable attorney fees incurred in prosecuting these counterclaims.

Defendant's counterclaim for Plaintiff CMI's breach of Purchase Order 17580 falls in a different category, however. Both Plaintiff CMI and Defendant asserted and prevailed on claims for breach of Purchase Order 17580: Plaintiff CMI alleged that Defendant breached Purchase Order 17580 by failing to perform as promised, and Defendant alleged that Plaintiff CMI breached Purchase Order 17580 by failing to make a payment when due and/or by repudiating the contract in whole or in part. *See* Jury Instr. Nos. 15, 27. The jury awarded Plaintiff $1.5 million on its claim; Defendant received a jury award of $500,000 on its counterclaim. *See* Jury verdict (Doc. No. 474) at 2, 6.

When a claim and counterclaim are, "in substance, flip sides of the same issue," "[t]he result is that the claims ultimately resolved by the jury [are] not separate or different claims" warranting a finding of two prevailing parties. *WinCo Foods, LLC v. Crossland Constr. Co.*, No. CIV-18-175-HE, 2020 WL 1818434, at *1 (W.D. Okla. Mar. 3, 2020), *aff'd*, Nos. 20-6043, 20-6108, 2022 WL 1467647 (10th Cir. May 10, 2022). That is the case here. Because Plaintiff CMI's claim and Defendant's counterclaim relate to the same contract—Purchase Order 17580—and "the same underlying factual disputes," the Court finds that there can be only one prevailing party. *Id.* at *1. Here, that party is Plaintiff CMI, as Plaintiff CMI received the superior award of damages. Defendant is not entitled to recover attorney fees on its counterclaim for breach of Purchase Order 17580.

    b. *Plaintiffs' Claims*

The jury found in Defendant's favor on the aspect of Plaintiff CMI and CMI Ltd.'s claim for breach of the NDA that was presented to the jury. *See* Jury Verdict at 1. The jury additionally found in Defendant's favor on three of Plaintiff's claims: (1) Plaintiff

6

CMI's claim for breach of Purchase Order 18643, (2) Plaintiff CMI's claim for breach of Purchase Order 18644, and (3) Plaintiff CMI's claim for breach of Purchase Order 18645. *See id.* at 2-3. Defendant was successful in defending aspects of Plaintiff CMI's claims for breach of Purchase Order 21234 and seeking an accounting and an injunction. *See* J.; *see also* Order of May 28, 2021 (Doc. No. 333) at 33-34. Defendant argues that it is entitled to attorney fees incurred with respect to all of these claims.

As to Plaintiff CMI's and CMI Ltd.'s claims for breach of the NDA, Plaintiffs asserted four theories of breach and prevailed on one.

- The Court granted summary judgment to Defendant on Plaintiffs' claim that Defendant breached the NDA by "claiming ownership" of Plaintiffs' confidential information. *See* Order of May 28, 2021, (Doc. No. 333) at 21-23.

- The Court granted summary judgment in favor of Plaintiff CMI and Plaintiff CMI Ltd. on their claim that Defendant breached the NDA by refusing to return the engineering documents, ultimately awarding nominal damages of $1.00. *See id.* at 23-24; J. at 1.[1]

---

[1] Defendant argues that it prevailed on all claims brought by Plaintiff CMI Ltd., including the claim for breach of the NDA. *See* Def.'s Mot. at 15-16, 20-21. Defendant's argument is consistent with the Court's Judgment, which entered judgment in favor of Defendant and against Plaintiff CMI Ltd. on all claims asserted by Plaintiff CMI Ltd. *See* J. This was in error, as the Judgment should have reflected the entry of summary judgment to Plaintiff CMI Ltd. on the NDA claim. The Court contemplates correcting this error through entry of an amended judgment but recognizes that it is precluded from doing so while an appeal is being heard absent leave of the appellate court. *See* Fed. R. Civ. P. 60(a); *see also* Notice of Appeal (Doc. No. 535). If, while the current appeal is pending, Plaintiffs desire amendment of the judgment to correct the omission of the nominal award for Plaintiff CMI Roadbuilding Ltd., Rule 60(a) of the Federal Rules of Civil Procedure allows Plaintiffs to seek leave from the appellate court and then, if granted, request such an amendment in this proceeding.

- As to Plaintiffs' claim that Defendant breached the NDA by refusing to deliver to Plaintiffs certain intellectual property that Defendant developed using confidential information provided to Defendant by Plaintiff CMI, the Court in evaluating an evidentiary issue submitted prior to trial construed the NDA to provide that Plaintiffs had an ownership interest in any such intellectual property but were not entitled to immediate possession of the intellectual property until Plaintiffs paid Defendant for its work in developing that intellectual property. *See* Am. Order (Doc. No. 475) at 18-21. At trial, the Court without objection did not present to the jury this aspect of Plaintiffs' claim for breach of the NDA. *See* Jury Instrs. (Doc. No.468); Jury Verdict; July 10, 2021 Trial Tr. 2035:1-2059:7 (Doc. No. 502).

- The jury returned a verdict in favor of Defendant on Plaintiff's claim that Defendant breached the NDA by disclosing confidential information to third-party vendors without authorization. *See* Jury Verdict at 1.

In sum, Defendant greatly limited Plaintiffs' recovery on their NDA claim. But Plaintiffs still prevailed on that claim by obtaining nominal damages on one of the theories of liability that they asserted. Defendant is not entitled to attorney fees incurred in its partially successful defense of the NDA claim. *See Ace Oilfield Rentals, LLC v. W. Dakota & Fabrication, LLC*, No. CIV-15-672-D, 2017 WL 3841891, at *7 (W.D. Okla. Sept. 1, 2017); *see also BP Am. Prod. Co.*, 747 F.3d at 1262 ("[A] defense that limits a claimant's recovery but does not result in a judgment for the defendant does not entitle the defendant to prevailing party status under Oklahoma law.").

As to Defendant's successful defense of Plaintiff CMI's claims for breach of Purchase Orders 18643 and 18645, the Court finds that these claims are distinct from any on which Plaintiffs prevailed. Further, because the contracts at issue concern subjects within the scope of section 936(A), Defendant as the sole prevailing party is entitled to recover its reasonable attorney fees incurred in defending those claims.

As to Plaintiff CMI's claim for breach of Purchase Order 18644, however, the Court finds that Defendant is not a prevailing party. While Plaintiff CMI's claim was successfully defended by Defendant, Defendant asserted an opposing counterclaim for breach of Purchase Order 18644—and that counterclaim was successfully defended by Plaintiff CMI. In these circumstances, Defendant is not entitled to recover its fees relating to Plaintiff CMI's claim for breach of Purchase Order 18644. *See Arkla Energy Res., a Div. of Arkla, Inc. v. Roye Realty & Developing, Inc.*, 9 F.3d 855, 866 (10th Cir. 1993) (explaining that under section 936, neither party may be the prevailing party "when both parties successfully defend against major claims by the other, and thus no party receives an affirmative judgment").

As to Plaintiff CMI's claim for breach of Purchase Order 21234, Plaintiff CMI alleged that Defendant breached the parties' contract by failing to timely deliver up to six "wiring harnesses." Prior to trial, the Court granted summary judgment to Plaintiff CMI on this claim with respect to the first two of the six identified wiring harnesses. *See* Order of May 28, 2021 (Doc. No. 336) at 16. Following the presentation of evidence, the Court granted judgment as a matter of law to Defendant on the claim with respect to the remainder of Plaintiff CMI's claim for breach of Purchase Order 21234. *See* July 14, 2021 Trial Tr.

1748:3-1749:8 (Doc. No. 526-6). Ultimately, the Court awarded Plaintiff CMI nominal damages of $1.00 as to the aspect of the claim on which Plaintiff CMI prevailed. *See* J. at 1. Although Defendant greatly limited Plaintiff CMI's recovery on this claim, Defendant is not entitled to attorney's fees incurred in an only partially successful defense of the Purchase Order 21234 claim.

Plaintiffs' claim seeking an accounting was a request for equitable relief stemming from Plaintiffs' allegations that Defendant breached various purchase order contracts. *See* Order of May 28, 2021 (Doc. No. 333) at 12-15. The Court, on summary judgment, ruled that this equitable relief was not available to Plaintiffs. *Id.* In this context, the Court finds that the request for an accounting implicates section 936(A) such that Defendant, having successfully shown that Plaintiffs are not entitled to the requested relief, is entitled to recover the attorney fees reasonably incurred for that defense. *See Batman v. Metro Petroleum, Inc.*, 174 P.3d 578, 583-84 (Okla. Civ. App. 2007) (affirming the district court's award of attorney fees pursuant to section 936 based on a party's successful defense of a claim for accounting in a civil action to recover on a contract relating to the purchase or sale of goods).

Plaintiffs' claim seeking an injunction was a request for relief stemming from Plaintiffs' allegations that Defendant breached the NDA and various purchase order contracts. The Court has separately found that Plaintiffs are entitled to an injunction directing that Defendant return certain confidential information to Plaintiffs and prohibiting Defendant from using and/or disseminating the confidential information or any intellectual property developed from the confidential information. While Defendant

10

greatly limited the scope of the requested injunction, Plaintiffs still prevailed. Defendant is not entitled to the attorney fees incurred in its partially successful defense.

### 2. *Title 42, Section 176 of the Oklahoma Statutes*

Defendant argues that it was the prevailing party with respect to portions of Plaintiffs' claim seeking entry of an injunction requiring Defendant to return the "Purchase Items" under Purchase Order 17580. Def.'s Mot. at 18. Defendant contends that, "[a]s this claim was an attempt to circumvent enforcement of [Defendant's] possessory lien and an attempt to recover parts under Purchase Order 17580, [Defendant] is entitled to attorney's fees under" title 42, section 176 of the Oklahoma Statutes. *Id.*

The statutory provision relied on by Defendant provides: "In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action." Okla. Stat. tit. 42, § 176. Here, none of the claims or counterclaims pointed to by Defendant constitute an action to enforce a lien.

The Court did rule on summary judgment that Defendant had shown that one aspect of the injunctive relief Plaintiffs sought—specifically, an injunction directing the return of items purchased by Plaintiff CMI pursuant to Purchase Order 17580 for the assembly of TR-4 machines—was unavailable as a matter of law. *See* Order of May 28, 2021 (Doc. No. 333) at 29-30. Plaintiff CMI's claim for breach of Purchase Order 17580 was presented to the jury, as was Defendant's defense that its possessory lien over certain CMI-provided parts permitted Defendant to retain those parts. *See* Jury Verdict at 1-2; Jury Instr. No. 26. The jury found in favor of Plaintiff CMI on this claim. *See* Jury Verdict at

1-2. Defendant's counterclaim for breach of Purchase Order 17580 also was presented to the jury. *See* Jury Verdict at 6. The jury found in favor of Defendant on this claim. *See id.*

The Court is not persuaded that any of those claims or counterclaims constitutes an action "to enforce [a] lien" within the meaning of the statute. Okla. Stat. tit. 42, § 176. The Court also is not persuaded by Defendant's suggestion that its defense—i.e., that Defendant did not breach Purchase Order 17580 because it was exercising its possessory lien rights—converted Plaintiffs' claim for breach of that purchase order into an action to enforce a lien. Defendant is not entitled to fees under section 176.

### 3. Bad Faith Under the DTSA and OUTSA

Defendant argues that it is entitled to recovery of attorney fees as to Plaintiff CMI's and Plaintiff CMI Ltd.'s claims for misappropriation of trade secrets in violation of the Defend Against Trade Secrets Act ("DTSA") and the Oklahoma Uniform Trade Secrets Act ("OUTSA"). *See* Def.'s Mot. at 11-15.

The DTSA and the OUTSA allow a prevailing party to recover reasonable attorney fees if a misappropriation claim was brought in bad faith. The DTSA provides in relevant part:

> [A] court may . . . if a claim of the misappropriation is made in bad faith, which may be established by circumstantial evidence, . . . award reasonable attorney's fees to the prevailing party.

18 U.S.C. § 1836(b)(3)(D). The OUTSA similarly provides:

> The court may award reasonable attorney's fees to the prevailing party if:
>
> 1. A claim of misappropriation is made in bad faith; or

12

    2. A motion to terminate an injunction is made or resisted in bad faith; or

    3. Willful and malicious misappropriation exists.

Okla. Stat. tit. 78, § 89.

"A party acts in bad faith only when the claim brought is entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons." *Sterling Energy, Ltd. v. Friendly Nat'l Bank*, 744 F.2d 1433, 1435 (10th Cir. 1984) (internal quotation marks omitted); *see also Vanguard Env't, Inc. v. Kerin*, 528 F.3d 756, 759 (10th Cir. 2008) ("Oklahoma courts generally find bad faith when the claim was made for oppressive, abusive or wasteful reasons." (internal quotation marks omitted)). The bad faith inquiry is subjective and focuses on the intent of the party who brought the claim. *See Sterling Energy, Ltd.*, 744 F.2d at 1435; *Vanguard Env't, Inc.*, 528 F.3d at 759.

Defendant argues that Plaintiffs' misappropriation claims were brought in bad faith because they were rejected on summary judgment based upon the Court's conclusion that "Plaintiffs have offered no argument or evidence indicative of 'misappropriation.'" Order of May 28, 2021 (Doc. No. 333) at 27; *see* Def.'s Mot. at 12-14. But "a claim that fails as a matter of law is not necessarily lacking *any* basis at all." *Fed. Trade Comm'n v. Freecom Commc'ns, Inc.*, 401 F.3d 1192, 1201 (10th Cir. 2005) (internal quotation marks omitted). "The question is whether a reasonable plaintiff could have concluded that facts supporting the claim *might be established*, not whether such facts actually *had been established*." *Id.* (omissions and internal quotation marks omitted). Besides the denial of relief on the misappropriation claims at summary judgment, Defendant offers no evidence or argument supporting bad faith and, crucially, makes no argument regarding Plaintiffs' subjective

intent in bringing their misappropriation claims. For these reasons, the Court concludes that Defendant is not entitled to an award of attorney fees under the DTSA or the OUTSA.

### 4. Frivolous Claims

Defendant also asserts that it is entitled to recovery of attorney fees as to Plaintiff CMI's and Plaintiff CMI Ltd.'s claims for tortious interference with contract, bad faith, and punitive damages, arguing that these claims were frivolous. *See* Def.'s Mot. at 15, 18-19. It is within a court's equitable power to award fees when a party has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Hall v. Cole*, 412 U.S. 1, 5 (1973) (internal quotation marks omitted); *accord Sterling Energy, Ltd.*, 744 F.2d at 1435. But Defendant offers no evidence of frivolity or vexatiousness beyond the fact that the Court awarded summary judgment to Defendant on these claims. *See* Def.'s Mot. at 18-19; *see also* Doc. Nos. 336, 337. Accordingly, in the absence of "conscious wrongdoing" by Plaintiffs in bringing these claims, Defendant has not shown that an award of attorney fees is warranted under the Court's equitable power. *Sterling Energy, Ltd.*, 744 F.2d at 1437.

### B. Reasonableness and Apportionment

Under Oklahoma law, "[a]n attorney's fee applicant bears the burden of proving that the time and labor for which he seeks compensation are reasonable and that they relate to a claim for which fees are recoverable." *U.S. Bank Nat'l Ass'n v. Hill*, 540 P.3d 1, 14 (Okla. 2023). "In a case involving multiple claims where prevailing party attorney fees are authorized for only one claim, the law dictates that the court 'apportion' the fees so that attorney fees are awarded only for the claim for which there is authority to make the award." *Tsotaddle v. Absentee Shawnee Housing Auth.*, 20 P.3d 153, 162 (2000).

"Oklahoma does not have an 'inextricably intertwined' theory upon which attorney's fees do not have to be apportioned if the claims are closely related." *Hill*, 540 P.3d at 14; *see also Silver Creek Invs., Inc. v. Whitten Constr. Mgmt., Inc.*, 307 P.3d 360, 366 (Okla. Civ. App. 2013).

Defendant has provided voluminous timesheets in support of its request for attorney fees. *See* Def.'s Mot. Ex. 2 (Doc. No. 488-2). But Defendant makes no distinction in its brief or accompanying materials as to what portion of the fees sought relates to the claims for which it has shown entitlement—Defendant's successful prosecution of its claims for breach of Purchase Order 18643 and the Long Lead Purchase Agreement; Defendant's successful defense of Plaintiffs' claims for breach of Purchase Order 18643 and breach of Purchase Order 18645; and for the equitable relief of an accounting. Because the Court on this record is unable to apportion the attorney fees sought to calculate a proper award, Defendant's Motion must be, and is, denied.

The Court, however, will allow Defendant to submit a second motion for attorney fees limited to the claims for which it has shown entitlement as set forth above. Such motion must be submitted within 14 days of the date of this Order and provide all information needed to allow the Court to properly apportion and limit Defendant's total fee award. Plaintiffs may respond within 14 days of the filing of Defendant's motion.

## CONCLUSION

As explained above, the Court DENIES Defendant's Motion for Attorney's Fees (Doc. No. 488).

IT IS SO ORDERED this 20th day of September, 2024.

_____
CHARLES B. GOODWIN
United States District Judge