UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CMI ROADBUILDING, INC. and<br>CMI ROADBUILDING LTD.,<br><br>    Plaintiffs,<br>v.<br><br>SPECSYS, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)  Case No. CIV-18-1245-G<br>)<br>)<br>)<br>) |

## **ORDER**

Now before the Court is the Combined Motion and Brief in Support of Application for Bill of Taxable Costs and Recovery of Nontaxable Costs (Doc. No. 486), filed by Plaintiff CMI Roadbuilding, Inc. ("CMI"). Defendant SpecSys, Inc. has submitted a Response in Opposition (Doc. No. 509).

The Clerk of Court has previously ruled on Plaintiff's Application to the extent that it sought an award of taxable costs pursuant to 28 U.S.C. §§ 1821 and 1920 and has entered an award to Plaintiff of taxable costs. *See* Doc. Nos. 524, 524-1. Accordingly, the sole remaining issue for consideration on the Application is Plaintiff's entitlement to nontaxable expenses. Having reviewed the relevant filings, the Court makes its determination.

    *I.*    *Background*

Plaintiff initiated this diversity action on December 20, 2018. *See* Doc. No. 1. This lawsuit stems from a series of purchase orders whereby Defendant agreed to manufacture mobile equipment and provide related design and engineering services to Plaintiff. The

business relationship soured, resulting in multiple claims and counterclaims. *See* Am. Compl. (Doc. No. 78).

On July 22, 2021, following a jury trial, the Court entered judgment in this matter. The Judgment (Doc. 476), which reflects the Court's summary-judgment rulings, rulings on motions for judgment as a matter of law, and the jury's verdict, entered judgment in favor of Plaintiff on certain claims and in favor of Defendant on certain claims. As stated in the Judgment, the Court calculated that after crediting the amounts awarded to Defendant against the amounts awarded to Plaintiff, nothing was owed to Defendant, but Defendant owed Plaintiff the total sum of $1,459,465.00, plus postjudgment interest at the rate set forth by federal statute. *See id.* at 3.

II.   *Applicable Law*

Federal Rule of Civil Procedure 54(d)(2) provides that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A).[1] Under Rule 54(d)(2), a party may move for an award of nontaxable expenses "'when recoverable under governing law incident to the award of fees.'" *Musket Corp. v. Star Fuel of Okla., LLC*, No. CIV-11-444-M, 2016 WL 1057800, at *8 (W.D. Okla. Mar. 14, 2016) (quoting Fed. R. Civ. P. 54(d) advisory committee's note to 1993 amendment). "Under Oklahoma law, 'parties may agree by contract to pay for litigation expenses.'" *Id.* (quoting *Whitehorse v. Johnson*, 156 P.3d 41, 48 (Okla. 2007)).

---

[1] Neither party argues that fees and related expenses were required to be proved at trial as an element of damages.

### III. *Discussion*

As relevant here, Plaintiff argues that it is entitled to recover $149,784.79 in nontaxable expenses pursuant to a provision contained in each of the purchase orders that were the subject of the parties' claims. *See* Pl.'s Mot. at 21-28. Plaintiff invoked the same provision in its Motion for Attorney Fees (Doc. No. 491). As set forth in the Court's Order denying that Motion, the Court construes the cited provision as merely addressing fees and expenses incurred in relation to third-party claims:

> Applying Oklahoma law governing the interpretation of contracts, and reading the language of the purchase order contracts as a whole, the Court concludes that the cited sentence of the indemnification provision in those purchase orders was intended to obligate Defendant to pay Plaintiff's [expenses] in the event that a third party sued Plaintiff and does not extend so far as to apply to [expenses] incurred in an action between Plaintiff and Defendant.

Order (Doc. No. 539) at 6.

Accordingly, the Court finds that Plaintiff has not established that it is entitled to recover nontaxable expenses under the cited portion of the purchase orders. Because Plaintiff has not argued that it is entitled to recover nontaxable expenses pursuant to any other statute or contractual provision, its request for an award of such expenses must be, and is, denied.

CONCLUSION

As explained above, Plaintiff's Application for Bill of Taxable Costs and Recovery of Nontaxable Costs (Doc. No. 486) is DENIED as to the sole remaining issue—recovery of nontaxable expenses.

IT IS SO ORDERED this 20th day of September, 2024.

_____
CHARLES B. GOODWIN
United States District Judge