UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CMI ROADBUILDING, INC.** and **CMI ROADBUILDING LTD.**, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. CIV-18-1245-G |
| **SPECSYS, INC.**, | ) ) ) |
| Defendant. | ) |

## ORDER

Now before the Court is Defendant SpecSys, Inc.'s ("SpecSys") Motion for Judicial Review of Clerk's Taxation of Costs (Doc. No. 525). Plaintiff CMI Roadbuilding, Inc. ("CMI") has responded in opposition (Doc. No. 527). Having considered the parties' arguments, the Court makes its determination.

*I. Background*

Plaintiffs initiated this diversity action on December 20, 2018. This lawsuit stems from a series of purchase orders whereby Defendant agreed to manufacture mobile equipment and provide related design and engineering services to Plaintiff CMI. The business relationship soured, resulting in multiple claims and counterclaims.

On July 22, 2021, following a jury trial, the Court entered judgment in this matter. The Judgment (Doc. No. 476), which reflects the Court's summary-judgment rulings, rulings on motions for judgment as a matter of law made during the course of trial, and the jury's verdict, entered judgment in favor of Plaintiff CMI on certain claims and in favor of Defendant on certain claims. As stated in the Judgment, the Court calculated that after

crediting the amounts awarded to Defendant against the amounts awarded to Plaintiff CMI, Defendant owed Plaintiff CMI the total sum of $1,459,465.00, plus postjudgment interest at the rate set forth by federal statute. *See id.* at 3.

Plaintiff CMI and Defendant then each sought an award of their costs. *See* Doc. Nos. 486, 489. Following a hearing and review of the parties' written submissions, the Clerk of Court taxed costs in favor of Plaintiff against Defendant in the amount of $65,603.67 and taxed no costs against Plaintiff. *See* Doc. Nos. 523, 524; Clerk's Suppl. (Doc. No. 524-1); *see also* Fed. R. Civ. P. 54(d)(1); 28 U.S.C. § 1920. Defendant timely filed its Motion seeking review of the Clerk's award. *See* Fed. R. Civ. P. 54(d)(1) ("On motion served within the next 7 days, the court may review the clerk's action."). Accordingly, the Court reviews the Clerk's award de novo. *See Doe v. Bd. of Cnty. Comm'rs of Payne Cnty.*, No. CIV-13-108-F, 2014 WL 12132244, at *1 (W.D. Okla. Nov. 4, 2014).

II. Discussion

A. Defendant's Entitlement to an Award of Costs

Defendant first argues that it was the prevailing party in this case, and so its costs should be taxed against Plaintiff CMI and Plaintiff CMI Roadbuilding Ltd. ("CMI Ltd."). *See* Def.'s Mot. at 3-6. Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "[U]sually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)(1)." *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234 (10th

Cir. 2001) (alteration and internal quotation marks omitted). The Clerk of Court previously determined that Plaintiff CMI was the sole prevailing party in this action and awarded Plaintiff CMI costs on that basis. *See* Clerk's Suppl. at 1; Doc. No. 524.

"In general," however, "the litigant who is the prevailing party for purposes of attorney's fees is also the prevailing party for purposes of costs." *Barber*, 254 F.3d at 1234. Here, following the Clerk's award of costs, this Court determined that, as it relates to an award of attorney's fees under Oklahoma law, both Plaintiff CMI and Defendant have prevailed as to certain claims. *See* Orders of Sept. 20, 2024 (Doc. Nos. 539, 540). Accordingly, consistent with the Court's determination regarding prevailing party status as to attorney fees, the Court concludes that Defendant and Plaintiff CMI are each prevailing parties in this matter.

While costs presumptively may be awarded to only one prevailing party, the district court still has discretion in awarding costs under Rule 54(d)(1). *See Barber*, 254 F.3d at 1234. "For example, in cases in which the prevailing party has been only partially successful, some courts have chosen to apportion costs among the parties or to reduce the size of the prevailing party's award to reflect the partial success." *Id.* "Or, in cases in which neither side entirely prevailed, or when both sides prevailed, or when the litigation was thought to be the result of fault on the part of both parties, some courts have denied costs to both sides." *Id.* at 1234-35 (internal quotation marks omitted); *accord Gross v. Hale-Halsell Co.*, No. 04-CV-98, 2008 WL 2165823, at *2 (N.D. Okla. May 20, 2008).

Due to the mixed result in this case, the Court finds that it is appropriate for Defendant to recover at least some of its requested costs. *See Barber*, 254 F.3d at 1234;

3

*see also Bell v. Bd. of Cnty. Comm'rs of Jefferson Cnty.*, No. CIV-A-03-2148, 2007 WL 1411613, at *3 (D. Kan. May 10, 2007) (awarding each party a portion of its costs when each partially prevailed). Defendant's Bill of Costs was not heard at the costs hearing with the Clerk of Court, *see* Def.'s Mot. at 3, and Plaintiff CMI's objection to Defendant's Bill of Costs focused on who was the prevailing party. *See* Doc. No. 507. Accordingly, in light of the instant ruling as well as the Court's determinations of prevailing party status in the orders on the parties' respective motions for attorney fees, the Court will afford Defendant the opportunity to submit an amended bill of costs within 14 days of this Order and for Plaintiffs to submit any objection within 14 days of Defendant's submission.

### B. Review of The Clerk's Award of Costs to Plaintiff CMI

#### i. Whether a Discretionary Reduction of the Clerk's Award of Costs Is Warranted

Defendant argues that the Court should use its discretion under Rule 54(d)(1) to either deny Plaintiff CMI its costs or limit any award to the costs for claims on which Plaintiff CMI prevailed. *See* Def.'s Mot. at 7-12. "To deny a prevailing party its costs is in the nature of a severe penalty, such that there must be some apparent reason to penalize the prevailing party if costs are to be denied," however. *Debord v. Mercy Health Sys. of Kan., Inc.*, 737 F.3d 642, 659 (10th Cir. 2013) (alteration and internal quotation marks omitted). Defendant specifically contends that the Court should deny or limit Plaintiff CMI's costs because Plaintiff CMI was only partially successful at trial, was obstructive and/or acted in bad faith during the course of litigation, was awarded only nominal damages

4

on many of its claims, and incurred unreasonably high costs, and because the issues in this case were close and difficult. *See* Def.'s Mot. at 7-12 (citing *Debord*, 737 F.3d at 659-60).

To begin, while Plaintiff CMI may have been unsuccessful or enjoyed only nominal success as to many of its claims, it ultimately obtained a judgment of over $1.4 million against Defendant. *See* J. at 3. Accordingly, the Court disagrees with Defendant that Plaintiff CMI's costs should be denied in full due to Plaintiff's partial success and also disagrees with Defendant that the Clerk's award should be reduced by 91% on this basis.

In support of its argument that Plaintiff CMI acted obstructively or in bad faith, Defendant only offers the observation that Plaintiff CMI did not eliminate any of its claims or defenses before trial. *See* Def.'s Mot. at 9. Plaintiff CMI's disinclination to narrow its claims and defenses was a litigation choice it was entitled to make. Defendant has not shown that costs should be limited or denied on this basis.

Defendant also argues that costs should be denied as to the claims on which Plaintiff CMI recovered only nominal damages. *See id.* at 10. Defendant does not suggest how the Court should determine what amount of the costs taxed were incurred in the prosecution of the claims upon which Plaintiff received nominal damages versus the claims upon which Plaintiff received a more substantial award. Accordingly, Defendant has not shown that costs should be limited or denied on this basis.

Defendant further argues that Plaintiff CMI's costs in this case were unreasonably high, exceeding Defendant's requested costs. *See id.* This argument, however, does not account for the fact that the Clerk's actual award of costs to Plaintiff CMI is less than Defendant's requested costs. *Compare* Doc. No. 524, *with* Doc. No. 489. And Defendant

has not shown that the Clerk's award of costs was unreasonably high given the nature of this complex civil case involving multiple claims, counterclaims, and defenses.

Finally, Defendant argues that the issues in this case were close and difficult. *See id.* at 10-11. The Court agrees, but Defendant does not persuasively explain why this fact warrants a denial or reduction of the Clerk's award of costs. Consequently, the Court finds that a reduction or denial of the costs awarded to Plaintiff CMI is not warranted on this basis.

> ii. *Whether the Clerk's Award of Costs Should Be Reduced Due to Defendant's Success Against Plaintiff CMI Ltd.*

Defendant argues that it should not be required to pay costs associated with claims brought by Plaintiff CMI Ltd. because Defendant prevailed on all such claims. *See* Def.'s Mot. at 3-6. As explained in the Court's Orders of September 20, 2024, this representation is not accurate. *See* Doc. No. 540, at 7 n.1; Doc. No. 539, at 7-8 n.1. Plaintiff CMI Ltd. prevailed on at least one aspect of its claim for breach of the parties' Confidentiality and Non-Disclosure Agreement. *See* Doc. No. 539, at 7-8 & n.1.

In any event, Plaintiff CMI Ltd. did not seek costs in this matter. At the Bill of Costs hearing, counsel for Plaintiffs advised that Plaintiff CMI had paid all the costs for which recovery was sought. *See* Pl.'s Resp. at 5; *see also* Doc. No. 486 (seeking only costs incurred by Plaintiff CMI). Defendant argues that the question should not be who paid the costs, but for whose benefit the costs were incurred. *See* Def.'s Mot. at 15. Defendant, however, does not identify what portion, if any, of the awarded costs were incurred solely

for Plaintiff CMI Ltd.'s benefit. Accordingly, Defendant has not shown that a reduction of the Clerk's award is warranted on this basis.[1]

> *iii. Whether the Clerk's Award of Costs Should Be Further Reduced Based on Defendant's Objections to Specific Costs Taxed*

Defendant next argues that if the Court does allow costs to be taxed against Defendant, Plaintiff's award should be further reduced because "various taxable costs allowed by the Court Clerk are either (1) not reasonable or (2) not supported by the law." *Id.* at 12. The Court considers each of these objections in turn.

> a. Costs Taxed for Depositions Under 21 U.S.C. § 1920(2)

Defendant first argues that Plaintiff CMI's costs for the deposition transcripts of Kaitlyn Gilbertson, Isaac Evenson, and Todd Osman, which totaled $8132.38, are unreasonable and should be disallowed. *See id.* at 12-14. Specifically, Defendant asserts that these costs should be denied because these depositions related only to Plaintiff CMI's claim regarding Purchase Order 21234, which, according to Defendant, Plaintiff CMI effectively abandoned at trial. *See id.* at 12-13. Defendant also argues that $783.25 for the cost of making copies of exhibits for these depositions should be disallowed on this same basis. *See id.* at 16.

Regarding Plaintiff CMI's claim against Defendant for breach of Purchase Order 21234, Plaintiff CMI alleged that Defendant breached the parties' agreement by failing to

---

[1] The Court notes that Plaintiff CMI's Bill of Costs lists Plaintiff CMI Ltd. as a claiming party. *See* Doc. No. 524; Doc. No. 489-3, at 1. The Court considers this inclusion to be a scrivener's error considering Plaintiff CMI's representation that it alone is seeking costs in this matter. *See* Doc. No. 486, at 7; Pl.'s Resp. at 5.

7

timely deliver up to six "wiring harnesses." Prior to trial, the Court granted summary judgment to Plaintiff CMI on this claim with respect to the first two of the six identified wiring harnesses. *See* Order of May 28, 2021 (Doc. No. 336) at 16. During trial, the Court granted judgment as a matter of law to Defendant on the claim with respect to the remainder of Plaintiff CMI's claim for breach of Purchase Order 21234. *See* July 14, 2021 Trial Tr. 1748:3-1749:8 (Doc. No. 526-6). Accordingly, the Court disagrees with Defendant that Plaintiff CMI "abandoned" this claim at trial.

Section 1920(2) allows costs to be taxed for fees for "transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). It is within the Court's discretion to determine "what deposition costs are reasonably necessary to the litigation." *Tilton v. Cap. Cities/ABC, Inc.*, 115 F.3d 1471, 1474 (10th Cir. 1997). "A district court does not abuse its discretion in taxing transcription costs associated with depositions that were 'actually [used] by the court in considering [a] motion for summary judgment.'" *Id.* (quoting *Merrick v. N. Nat. Gas Co.,* 911 F.2d 426, 434-35 (10th Cir. 1990)). Here, Plaintiff CMI used all three of the cited depositions in a motion for summary judgment. *See* Doc. No. 228. Further, Defendant used the Osman and Gilbertson deposition transcripts in its response brief, *see* Doc. No. 279, and Plaintiff CMI used the Osman deposition in its reply brief, *see* Doc. No. 316.

The Court therefore finds that the Clerk appropriately determined that the costs related to the depositions of Kaitlyn Gilbertson, Isaac Evenson, and Todd Osman were necessarily obtained for use in the case pursuant to 28 U.S.C. § 1920(2). The Clerk also appropriately awarded costs related to making copies of the exhibits used in these

depositions. *See* 28 U.S.C. § 1920(4) (allowing for the taxation of costs incurred by making copies of any materials where the copies are necessarily obtained for use in the case). Accordingly, the Court finds that these costs should be approved.

### b. Various Veritext Deposition Costs

Defendant also argues that various items contained in the Veritext Deposition Invoices should not be taxed. The Court considers each of Defendant's objections in turn.

To begin, in addition to the costs for exhibits related to the depositions of Gilbertson, Evenson, and Osman, Defendant contends that all costs for deposition exhibits must be disallowed as they are strictly for the convenience of counsel. *See* Def.'s Mot. at 14. But beyond stating that it is so, Defendant "has offered no support for [its] claim that the deposition exhibits were made for the convenience of counsel." *Lewis v. D.R. Horton, Inc.*, 375 F. App'x 818, 829 (10th Cir. 2010). Accordingly, the Court finds that the Clerk's award of $1759.58 for deposition exhibits was appropriate. *See id.*

Defendant also asserts that the Veritext mileage fee for court reporter Kenneth K. Kempf ($107.88) should be disallowed. *See* Def.'s Mot. at 14. Specifically, Defendant argues that such a reduction is appropriate because the Clerk disallowed mileage for the court reporter who attended the deposition of Todd Osman but did not do the same for Mr. Kempf's mileage. Plaintiff CMI agrees that such a reduction is appropriate. *See* Pl.'s Resp. at 3. Accordingly, the Court will grant Defendant's motion to the extent that it seeks to reduce the Clerk's award of costs by $107.88 for mileage charged by Mr. Kempf.

Defendant further contends that the Clerk mistakenly awarded the cost of Exhibit Share services for the deposition of Mr. Osman ($295.00). *See* Def.'s Mot. at 15. Plaintiff

9

CMI points out that it did not include a charge for Exhibit Share in relation to Mr. Osman's February 24, 2020 deposition in its Bill of Costs. *See* Pl.'s Resp. at 3-4; Doc. No. 486-3, at 11, 33. Plaintiff CMI did, however, include an invoice for Exhibit Share provided on June 1, 2020, in the amount of $295.00. *See* Doc. No. 486-3, at 29. The Clerk's table specifically identifies an Exhibit Share charge for $295.00 that would be disallowed. *See* Clerk's Suppl. at 8. Accordingly, the Court will not reduce the Clerk's award by an additional $295.00.

Defendant further contends that the Clerk's cost award included $1512.00 for the video deposition of Alex Marks that should have been disallowed. *See* Def.'s Mot. at 15. The Clerk's Supplement reflects that $1120.00 in costs were disallowed for the video deposition of Mr. Marks, *see* Clerk's Suppl. at 7, but Plaintiff CMI charged a total of $1190.00 for this video deposition. *See* Doc. 486-3, at 72. Consequently, Plaintiff CMI represents that, based on the Clerk's decision to disallow all video costs, the Clerk's award should be reduced by $70.00. The Court agrees that such a reduction is appropriate.

Defendant further argues that the Clerk erroneously awarded Plaintiff CMI exemplification costs associated with deposition designations, asserting that Plaintiff CMI paid IDOX for the preparation of three sets of deposition designations. *See* Def.'s Mot. at 16. Plaintiff CMI represents that after the entry of Court Orders limiting the parties' time to present evidence to 30 hours, it contracted with IDOXS to prepare another set of narrowed designations. *See* Pl.'s Resp. at 5; *see also* Doc. No. 486-4, at 99. Plaintiff CMI sought to recover the costs reflected in an invoice related to the preparation of these narrowed deposition designations dated June 21, 2021, and it did not seek to recover

exemplification expenses associated with its original deposition designations. *See* Pl.'s Resp. at 5; Doc. 486-4, at 99. The Court therefore agrees with Plaintiff that the Clerk's award of costs was appropriate in this regard and should be approved. *See* 28 U.S.C. § 1920(4).

## CONCLUSION

As outlined above, Defendant's Motion for Judicial Review of Clerk's Taxation of Costs (Doc. No. 525) is GRANTED IN PART and DENIED IN PART.

The Clerk of Court's award to Plaintiff CMI of costs against Defendant SpecSys (Doc. Nos. 524, 524-1) shall be and is hereby reduced by $177.88, to $65,425.79.

IT IS FURTHER ORDERED that Defendant may file an amended bill of costs within 14 days of the date of this Order. Plaintiffs may submit any objection to Defendant's amended bill of costs within 14 days of its submission.

IT IS SO ORDERED this 30th day of September, 2024.

_____
CHARLES B. GOODWIN
United States District Judge